## SECOND DEPARTMENT, JANUARY, 1973

### (January 2, 1973)

◼ In the Matter of STANLEY HARWOOD, Appellant, v. WILLIAM MEISSER et al., Constituting the Nassau County Board of Elections, et al., Respondents, and JAMES E. MORROW, Appellant.— In a matter brought as (1) a proceeding under both article 78 of the CPLR and section 330 of the Election Law and (2) an action for a declaratory judgment, *inter alia,* to declare petitioner as having been elected in the General Election on November 7, 1972 the Member of the Assembly for the 13th Assembly District, in Nassau County, petitioner Harwood and respondent Morrow separately appeal from a judgment of the Supreme Court, Nassau County, entered December 18, 1972, which dismissed the matter, vacated a stay enjoining respondents Commissioners of the Board. of Elections of Nassau County from certifying the results of the election for said office of Member of the Assembly and directed said Commissioners to sign a certified statement of the Board of Canvassers showing the winner of said election. Judgment affirmed, without costs. The claimed defects in the subject election, which possibly affect the result, are not such as may be decided in a summary proceeding pursuant to section 330 of the Election Law or in an article 78 proceeding (cf. *Matter of Corrigan* v. *Board of Elections of Suffolk County,* 38 A D 2d 825, affd. 30 N Y 2d 603; *Matter of Mullen* v. *Heffernan,* 193 Misc. 334, 338; *Matter of Bonacker* v. *Chuckrow,* 166 Misc. 171, 176–177; *Matter of Ginsberg* v. *Heffernan,* 186 Misc. 1029, 1034). Our indication in *Corrigan* v. *Board of Elections* (*supra*) that the courts have plenary power to look behind a recanvass of the returns in cases in which section 330 of the Election Law does not afford a remedy has no application to general or special elections to the State Legislature. Section 9 of article III of our State Constitution provides that " Each house shall ⁎ ⁎ ⁎ be the judge of the elections, returns and qualifications of its own members." The Legislature has surrendered some of its prerogatives to the courts through the enactment of section 330 of the Election Law. That statute, however, insofar as it concerns general elections, is limited to a ministerial review. In *Matter of Rice* v. *Power* (19 N Y 2d 106), the Court of Appeals noted that a similar constitutional provision regarding elections to a Constitutional Convention did not bar the ministerial review afforded by section 330. Beyond such ministerial review, courts may not infringe upon the judicial power constitutionally afforded to each house of the Legislature to review the elections and returns of its members (cf. *People ex rel. Hatzel* v. *Hall,* 80 N. Y. 117). Rabin, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.