## (April 29, 1983)

In the Matter of CAROL A. KRUEGER, Appellant-Respondent, v MARTIN RICHARDS et al., Constituting the Board of Elections of the City of New York, Respondent, and LOIS M. HICKEY, Respondent-Appellant. — In a proceeding to invalidate the petition designating Lois M. Hickey as a candidate in the election to be held on May 3, 1983 for the office of member of the New York City Community School Board, District 24, petitioner appeals, and Lois M. Hickey cross-appeals, from a judgment of the Supreme Court, Queens County (Giaccio, J.), dated April 21, 1983, which, after a hearing, *inter alia,* denied the application and declared the nominating petition to be valid. Cross appeal dismissed, without costs or disbursements. Lois M. Hickey is not aggrieved by the judgment (see CPLR 5511). Rulings at Special Term which were adverse to Ms. Hickey are brought up for review on petitioner's appeal from the judgment and have been considered (see CPLR 5501, subd [a]). Judgment reversed, on the law and the facts, without costs or disbursements, application granted and the nominating petition of Lois M. Hickey is declared invalid. The board of elections is directed to remove Ms. Hickey's name from the appropriate ballot. Petitioner commenced this proceeding to invalidate the designating petition of Lois M. Hickey by service of an order to show cause on March 7, 1983. On March 16, 1983, Ms. Hickey served an answer consisting of a general denial and an affirmative defense claiming, without specification, sufficient valid signatures. On March 17, 1983 Ms. Hickey mailed a declination to the board of elections, which the board apparently found to be untimely. At Special Term, Ms. Hickey advised the court that she did not wish to decline. The board of elections sustained the petition filed by Ms. Hickey upon finding 222 signatures to be valid. After a hearing, Special Term, *inter alia,* denied petitioner's application to invalidate, finding that there were 200 valid signatures, the minimum required. The court invalidated 43 signatures that the board of elections had upheld, but validated 21 of the more than 100 signatures that the board had invalidated. Special Term erred in validating any signatures previously held invalid by the board of elections. While it is true that an affirmative defense may suffice in place of a cross petition to alert a petitioner that validation of signatures previously held invalid will be sought (*Matter of Suarez v Sadowski,* 48 NY2d 620), the affirmative defense at bar was untimely interposed being raised for the first time two days after the expiration of the 14-day period within which a proceeding to validate or invalidate a designating petition must be commenced (Election Law, § 16-102, subd 2). Since notice of the petitioner's commencement of a proceeding to invalidate the designating petition was received a full seven days before the expiration of the period in which to commence a validation proceeding, strict application of the statutory standard is appropriate (cf. *Matter of Halloway v Blakely,* 77 AD2d 932). Therefore, Ms. Hickey was improperly granted affirmative relief, being credited with an additional 21 valid signatures. With respect to the petition to invalidate, Special Term improperly invalidated all of the signatures on Sheet No. 20 of the designating petition where the subscribing witness had inadvertently attested that the sheet contained 15 signatures when, in fact, it contained only 14 signatures, one having been stricken by a properly initialed

interlineation (see *Matter of Brown v Sachs,* 57 AD2d 583). However, the addition of these 14 signatures leaves Ms. Hickey with only 193 valid signatures. We find without merit her claim to restore seven additional signatures on Sheet No. 26, which were invalidated by Special Term for an uninitialed alteration in the assembly district in the subscribing witness' statement. Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.