■ In the Matter of ELIZABETH A. REICH, Respondent, v ARTHUR WEBSTER et al., Constituting the Greene County Board of Elections, Respondents, and GERALD H. LIEPSHUTZ, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Torraca, J.), entered October 19, 1984 in Greene County, which granted petitioner's application in a proceeding pursuant to CPLR article 78, to declare invalid the nomination of respondent Gerald H. Liepshutz as the Democratic Party and Independent Party candidate for the office of County Judge of Greene County in the November 6, 1984 general election.

Respondent Gerald H. Liepshutz is a candidate for election for the office of County Judge of Greene County. He was admitted to the practice of law in this State on March 7, 1975. Petitioner has brought this CPLR article 78 proceeding to remove Liepshutz's name from the ballot on the ground that he is not statutorily qualified to hold the office he is seeking. The basis for petitioner's contention is that the County Judge in Greene County also acts as that county's Family Court Judge and Surrogate, and that Liepshutz does not meet the qualification of having been admitted to practice for 10 years which is statutorily required for those two offices (see SCPA 2603, subd 4; Family Ct Act, § 134). Special Term granted the petition and enjoined the Board of Elections from placing Liepshutz's name on the ballot for the general election. We reverse.

The New York State Constitution requires that: "No person * * * may assume the office of judge of the county court, surrogate's court, [or] family court * * * unless he has been admitted to practice law in this state at least five years or such greater number of years as the legislature may determine" (NY Const, art VI, § 20, subd a).

While the Legislature has adopted more stringent qualifications for Family Court Judges and Surrogates by requiring that they be admitted to practice for 10 years (SCPA 2603, subd 4; Family Ct Act, § 134), no such additional requirement has been imposed for County Judges.

Greene County is one of many counties throughout the State which elects only one Judge on a county-wide basis, that being the County Judge. In those counties which do not separately elect a Family Court Judge and Surrogate, the County Judge discharges the duties of those offices (Judiciary Law, § 184, subd 2; Family Ct Act, § 131, subd [b]). Thus, the person elected to the office of County Judge of Greene County will, on occasion, have to serve as that county's Family Court Judge and Surrogate.

Despite this fact, we find unpersuasive petitioner's argument that someone seeking the position of County Judge of Greene County must meet the stricter statutory qualifications necessary to be a Family Court Judge or Surrogate. Respondent Liepshutz is running for the office of County Judge, not Family Court Judge or Surrogate. If victorious, he will be obligated to discharge the duties of the other two offices by operation of law until such time, if ever, as the Legislature creates separate judicial positions for those offices.

We do not find illogical petitioner's argument that one seeking a judicial office must meet the individual qualifications for all those other judicial offices whose duties he will be required to perform. We reject the argument, however, on the basis that a review of State constitutional and statutory provisions does not indicate any intention to adopt such a system. The fact that County Judges are permitted by the State Constitution to serve on temporary assignment as Supreme Court Justices within their judicial department (NY Const, art VI, § 26, subd c), despite the constitutional requirement that one holding the office of a Supreme Court Justice be admitted to practice at least 10 years (NY Const, art VI, § 20, subd a), demonstrates that a person seeking judicial office need not satisfy the stricter qualifications where dual roles may be served.

Accordingly, we hold that the statutory requirement that Family Court Judges and Surrogates be admitted to practice for a minimum of 10 years has no application in those counties where the duties of those offices are discharged by the County Judge (see 1967 Atty Gen [Inf Opns] 42). The judgment of Special Term must therefore be reversed and the petition dismissed.

Judgment reversed, on the law, without costs, and petition dismissed. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.