(March 18, 1985)

■ In the Matter of BRUCE R. BAIRD, Respondent, v RALPH B. NESS, Appellant, et al., Respondents. — Per Curiam. Appeal

from a judgment of the Supreme Court at Special Term (Bryant, J.), entered March 12, 1985 in Tompkins County, which granted petitioner's application, in a proceeding pursuant to the Election Law, to declare invalid the independent nominations of respondents Thomas Smith and Robert Scott for the office of Trustee of the Village of Trumansburg in the March 19, 1985 general election.

Respondents Thomas Smith and Robert Scott timely filed independent nominating petitions on or before February 26, 1985, the last day for filing those petitions (*see,* Election Law § 15-108 [8] [a]). They did not, however, file their certificates of acceptance on or before March 1, 1985, the last day on which they could be filed (*see,* Election Law § 15-108 [8] [b]). Instead, the candidates filed their certificates of acceptance on March 4, 1985. Petitioner commenced this proceeding on March 8, 1985 for an order directing that the names of the candidates be removed from the ballot due to the late filing of their certificates of acceptance. Special Term granted the petition and this appeal ensued.

Despite the fact that the certificates of acceptance filed by the candidates were untimely and that this defect, if properly raised for judicial review, would be deemed fatal (*see,* Election Law § 1-106 [2]), there must be a reversal. Persons seeking to judicially challenge an independent nomination for public office must do so by means of a proceeding pursuant to the Election Law (Election Law § 16-102 [1]). The only time limitation contained therein which could apply to a challenge to an untimely filed certificate of acceptance is the seven-day provision of Election Law § 16-102 (2), which runs from the "last day to file the petition for such village election or independent nomination". Therefore, since this proceeding was not commenced on or before March 5, 1985 (seven days after the Feb. 26 deadline for filing petitions), it must be dismissed as untimely.

In so holding, we reject petitioner's argument that the seven-day limitation of Election Law § 16-102 (2) is inapplicable to this proceeding since it is not a "proceeding with respect to a petition", but, rather, a proceeding with respect to a nomination. We refrain from embracing this logic, since to do so would result in a situation in which there would be no time limitation to challenges based on untimely certificates of acceptance, a situation which is at variance with the entire statutory scheme enacted to govern the conduct of elections in this State.

Judgment reversed, on the law, without costs, and petition dismissed. Mahoney, P. J., Casey, Weiss and Levine, JJ., concur.