OPINION OF THE COURT
Loren N. Brown, J.
By order to show cause and supporting papers, the petitioners move for an order, quoting the order to show cause, "permitting the enrolled members of the Democratic Party of Clinton County Legislative District Area 4 to have the opportunity to write-in their choice of an undesignated candidate for public office, and requiring the Board of Elections of Clinton County to take all steps necessary to facilitate a write-in ballot on Primary Day on the Democratic Party line in Clinton County Legislative District Area 4 for the position of County Legislator for Area 4”. The respondent Andre opposes the motion in its entirety.
This petition is a responsive action to a petition by James Andre, Chairman of the Republican Party of Clinton County, against Daniel B. Mitchell and Arthur L. Breyette, as Commissioners of Election in the County of Clinton, and Robert M. Garrow to challenge the designating petition filed on behalf of *363 Mr. Garrow. Without dispute, the original proceeding was commenced within the 14 days specified in Election Law § 16-102 (2). If the limitation of section 16-102 applies to this proceeding, it would be untimely. By their answer, the respondents in the prior action denied that the designating petition was invalid. However, on the return date of the earlier proceeding, respondents did not oppose the petition, and admitted that the designating petition was, in fact, technically invalid, and announced their intention to commence this action for a write-in opportunity. The petition is now opposed on several grounds, the most meritorious being an allegation that the petition is untimely.
In deciding whether this proceeding has been timely commenced, the court observes that the relief requested could have, and should have, been sought by way of a cross petition or affirmative defense to the earlier proceeding. Permission to write-in is a recognized available alternative mode of relief when the designating petition has been found to be invalid. (Brown v Ulster County Bd. of Elections, 48 NY2d 614.) Furthermore, an affirmative defense or a cross petition is subject to the 14-day Statute of Limitations of Election Law § 16-102 (2) (Matter of Krueger v Richards, 93 AD2d 898, affd 59 NY2d 680), unless time does not permit strict compliance. (Matter of Pell v Coveney, 37 NY2d 494.) The respondents in the original proceeding were, therefore, subject to the time constraints of section 16-102 (2).
The petitioners here, however, contend that the 14-day time limitation does not now apply. Section 16-102 (2) applies only when a petition is brought to contest the: "nomination or designation of any candidate for any public office or party position or any independent nomination, or the holding of an uncontested primary election, by reason of a petition for an opportunity to ballot having been filed, or the election of any person to any party position”. (Election Law § 16-102 [1].)
The successor petition, it is alleged, is not within any of the actions listed in section 16-102 (2), and, therefore, the time limitation is not applicable. The court does not agree. Had the petitioners duly sought the relief they desired in the first action, they would have been subject to the 14-day limitation. By admitting the allegations of the first petition, failing to seek the relief by cross petition and by bringing a separate action, the petitioners should not be thereby insulated from the full force of the statute. A timely request for the relief *364 now sought should have been brought in conjunction with the original petition.
Based upon the foregoing, the court finds that this proceeding was not commenced within the period prescribed by Election Law § 16-102 (2), and that the petition must be dismissed. The court has examined the respondent’s remaining objections to the petition and finds them to be without merit.