■ In the Matter of ROBERT GARROW et al., Appellants, v DANIEL B. MITCHELL et al., as Commissioners of Election in the County of Clinton, et al., Respondents. (Proceeding No. 1.) In the Matter of ROBERT DOMINIC et al., Appellants, v DANIEL B. MITCHELL et al., as Commissioners of Election in the County of Clinton, et al., Respondents. (Proceeding No. 2.)— Per Curiam. Appeals from two orders of the Supreme Court at Special Term (Brown, J.), entered August 23, 1985 in Clinton County, which dismissed petitioners' applications seeking an opportunity to ballot in the September 10, 1985 Democratic and Liberal primary elections for various offices of County Legislator of Clinton County.

---

Following successful challenges by James Andre, Chairman of the Republican County Committee of Clinton County and a respondent in proceeding No. 1, to invalidate designating petitions for the Democratic Party's candidate for County Legislator in Clinton County Legislative District Area 4 and for the Liberal Party's candidates for County Legislator in Clinton County Legislative District Areas 2, 3, 4, 6, 7 and 9, petitioners brought the instant proceedings directly in Special Term, Supreme Court, for orders directing the Clinton County Board of Election to provide for an opportunity to ballot in the Democratic and Liberal primary elections for those legislative district areas. Special Term dismissed both petitions and these appeals ensued.

We affirm. Concededly, petitioners did not avail themselves of the statutory procedures provided under the Election Law (§§ 6-158, 6-164) for petitioning a Board of Elections for an opportunity to ballot, did not seek that opportunity in answering Andre's application to invalidate their designating petitions and did not initiate the instant proceedings within the 14-day period of limitations for commencing a judicial proceeding with respect to a petition contained in Election Law § 16-102 (2). It is well settled that a court's jurisdiction to intervene in election matters is limited to the powers expressly conferred by statute (*Matter of Mansfield v Epstein,* 5 NY2d 70, 74; *Matter of Lisa v Board of Elections,* 54 AD2d 746). There is no express statutory authority to order an opportunity to ballot in a proceeding brought in the first instance in Supreme Court, such as that initiated by petitioners here, where no petition for an opportunity to ballot has been filed with the Board of Elections.*

However, it has been held that such an order can be granted when sought as incidental or alternative relief in a judicial proceeding in which the validity of an existing designating or nominating petition is being litigated (*Matter of Brown v Ulster County Bd. of Elections,* 48 NY2d 614; *Matter of Hunting v Power,* 20 NY2d 680; *Matter of Ramos v Albert,* 41 AD2d 1012, *affd* 32 NY2d 903). Thus, petitioners could properly have sought an opportunity to ballot in the proceedings brought by Andre. In such a case, however, their proceed-

---

* We recognize that those persons wishing to file a petition for an opportunity to ballot with the Board of Elections have an additional week beyond the last day to file a designating petition (Election Law § 6-158 [1], [4]). Had such a petition been filed, the applicable 14-day Statute of Limitations would begin to run from the last day to file the petition for an opportunity to ballot (Election Law § 16-102 [2]).

ing would have been "with respect to a petition", and hence governed by the 14-day Statute of Limitations of Election Law § 16-102 (2) (see, Matter of Krueger v Richards, 93 AD2d 898). Petitioners cannot avoid the time requirements of the statute by merely initiating a totally new judicial proceeding having no statutory basis under the law. Therefore, Special Term correctly held that their petitions were time barred.

In view of the foregoing, we need not consider Special Term's alternative ground for dismissal in proceeding No. 2, namely, that it was invalid for the failure to have joined Andre as a necessary party.

Orders affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.