■ In the Matter of BERNARD C. AMELL et al., Appellants, v DANIEL B. MITCHELL et al., Constituting the Board of Elections of the County of Clinton, et al., Respondents.—Per Curiam. Appeal from a judgment of the Supreme Court at Special Term (Viscardi, J.), entered August 11, 1986 in Clinton County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to, *inter alia,* declare invalid the designating petition naming certain respondents as the Republican Party candidates for various offices in the September 9, 1986 primary election.

In this proceeding, petitioners challenge the validity of a multicandidate designating petition consisting of one volume of 108 sheets with a cover sheet identifying candidates for Surrogate's Court Judge, State Committeeman and State Committeewoman for the Republican Party of Clinton County. The irregularities upon which petitioners base their attack on the petition all relate to cover sheet defects. The first of these is that some 78 of the 108 sheets of the petition also contain the designation of a Reginald D. Dermody as candidate for County Sheriff, but that the cover sheet totally omits any reference to

Dermody.* The remaining defect arises out of the fact that a sheet, numbered 15, which actually was part of a designating petition for delegate to a judicial convention, was inadvertently included in the challenged petition and was counted as one of the 108 sheets in the volume. The signatures contained on this sheet were included among the 1,693 total signatures of the petition. The result was that the 108-sheet count set forth on the cover sheet exceeded by one the actual number of sheets for the three designated candidates and the signature count on the cover sheet exceeded the total actual signatures for the designated candidates by 20.

In our view, Special Term properly held that the foregoing irregularities were insufficient to invalidate the petition as to the three candidates named on the cover sheet. Any defects in the cover sheet with respect to the designation of a candidate for Sheriff would not affect an otherwise valid designating petition for other public or party office candidates contained therein (Matter of Amalfitano v Sadowski, 51 NY2d 719, 720; Matter of Quintyne v Canary, 104 AD2d 473, 474).

Although concededly the cover sheet was in error both as to the number of sheets and number of signatures pertaining to the three designated candidates, the deviations were minor, constituting slightly more and slightly less than 1% of the total number of signatures and sheets, respectively. The actual number of signatures was amply sufficient to place the named candidates on the ballot. No fraud has been suggested. Under these circumstances, the instant case falls within the holding of Matter of Staber v Fidler (65 NY2d 529, 534), that inconsequential discrepancies, not implicating any of the policy considerations favoring strict construction of statutory cover sheet requirements (Election Law § 6-134 [2]) do not require invalidation of an entire designating petition.

We further agree with Special Term that, if the designating petition had been ruled invalid in this proceeding, respondent Charles H. Lewis was entitled to the alternative relief sought in his answer and counterclaim, namely, an opportunity to ballot (Matter of Brown v Ulster County Bd. of Elections, 48 NY2d 614). Matter of Garrow v Mitchell (112 AD2d 1104) and Matter of Krueger v Richards (93 AD2d 898), relied on by petitioners in opposing such alternative relief, are clearly distinguishable. Here, Lewis appropriately sought that relief in answering the petition rather than, as in Garrow, through

---

* Dermody had apparently announced that he would not be a candidate for Sheriff immediately prior to the filing of the petition and formally declined the nomination a day after the filing.

commencement of a subsequent, separate proceeding. Moreover, service of the petition herein was made on the date of the expiration of the statutory, 14-day period of limitations (Election Law § 16-102 [2]), and, thus, Lewis was not afforded a reasonable opportunity to interpose this request for relief prior to the expiration of the limitation period *(cf. Matter of Garrow v Mitchell, supra; Matter of Krueger v Richards, supra).*

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.