In the Matter of GEORGE P. SCARINGE, as Chairman of the Albany County Republican Committee, et al., Respondents, v F. STANTON ACKERMAN et al., Appellants.

Third Department, October 9, 1986

APPEARANCES OF COUNSEL

*Raymond A. Kelly, Jr.,* for F. Stanton Ackerman, appellant.

*Stanley L. Zalen* for New York State Board of Elections, appellant.

*Tabner & Laudato (William F. Ryan, Jr.,* of counsel), for respondents.

### OPINION OF THE COURT

CASEY, J.

We hold that this proceeding, seeking to prohibit respondent State Board of Elections from placing respondent F. Stanton Ackerman's name on the ballot in the November 4, 1986 general election as the Democratic Party candidate from the 103rd Assembly District, is subject to the 14-day period of limitations provided for in Election Law § 16-102 (2). Special Term's judgment granting the petition must, therefore, be reversed and the petition dismissed.

Petitioners contend that Ackerman cannot meet the constitutional requirement that he be a resident of the Assembly District for the 12 months immediately preceding his election (NY Const, art III, § 7). Conceding that they failed to commence this proceeding within the 14-day period prescribed by Election Law § 16-102 (2), petitioners argue that this is a CPLR article 78 proceeding, not a judicial proceeding under Election Law article 16. The basis for this argument, according to petitioners, is that the underlying issue relates to Ackerman's substantive qualifications, not to the sufficiency of his designating petition. We reject this argument.

Irrespective of the label given to the proceeding or the words used to describe the issue, the relief sought by petitioners seeks judicial intervention in the election process to remove a candidate from the ballot. As we said in *Matter of Garrow v Mitchell* (112 AD2d 1104, 1105), "It is well settled that a court's jurisdiction to intervene in election matters is limited to the powers expressly conferred by statute *(Matter of Mansfield v Epstein,* 5 NY2d 70, 74; *Matter of Lisa v Board of Elections,* 54 AD2d 746)." Election Law § 16-102 (1) expressly confers upon Supreme Court jurisdiction over proceedings to contest the nomination or designation of any candidate for any public office. Petitioners' attempt to have Ackerman's name removed from the ballot as the Democratic Party candidate from the 103rd Assembly District clearly constitutes a

challenge or contest to the designation or nomination of a candidate for public office. Since Election Law § 16-102 (1) provides a remedy for the relief sought by petitioners, they cannot avoid the time requirement of the statute by initiating a new and different proceeding having no statutory basis *(see, Matter of Garrow v Mitchell, supra,* p 1106).

We find unpersuasive petitioners' highly technical argument that this proceeding falls outside the ambit of Election Law § 16-102 since the issue concerns Ackerman's substantive qualifications and not the sufficiency of his designating petition. The constitutional provision relied upon by petitioners (NY Const, art III, § 7) does not prescribe any substantive qualification applicable to those in the election process. Rather, it prohibits a person from *serving* as a member of the Legislature unless certain residency requirements have been met. The substantive qualifications for candidates in the election process are found in Election Law § 6-122.* Since Election Law article 6 contains the provisions which govern the nomination and designation of candidates for election to public office *(see,* Election Law § 6-100), and since Election Law § 16-102 (1) authorizes the court to entertain proceedings to contest the nomination or designation of any candidate for public office, it follows that any proceeding to remove a candidate from the ballot for an alleged failure to comply with a requirement of Election Law article 6 must be brought under Election Law § 16-102 (1) and is subject to the time restrictions of § 16-102 (2) *(see, e.g., Matter of Baird v Ness,* 109 AD2d 975). Accordingly, we conclude that a proceeding to remove a candidate from the ballot, based upon allegations that the candidate does not meet certain constitutional residence requirements to hold office and, therefore, cannot be a candidate pursuant to Election Law § 6-122 (3), must be commenced in accordance with the requirements of Election Law § 16-102.

If we were to accept petitioners' claim that there is a distinction between a challenge to a candidate's designation or nomination based upon the candidate's substantive qualifications and a challenge based upon other deficiencies under Election Law article 6, we would nevertheless dismiss the

---

* Election Law § 6-122 provides: "A person shall not be designated or nominated for a public office or party position who (1) is not a citizen of the state of New York; (2) is ineligible to be elected to such office or position; or (3) who, if elected will not at the time of commencement of the term of such office or position, meet the constitutional or statutory qualifications thereof."

petition. The Constitution gives each house of the Legislature the exclusive power to "be the judge of the * * * qualifications of its own members" (NY Const, art III, § 9). This authority has been delegated to the judiciary in proceedings brought pursuant to Election Law article 16, but outside the context of such proceedings a determination by the courts as to whether a person meets the qualifications necessary to be a member of the Assembly infringes on the power of the Assembly to be the judge of its members' qualifications *(see, Matter of Harwood v Meisser,* 41 AD2d 531, *affd* 31 NY2d 1000).

The only remedy available to contest Ackerman's designation or nomination on the ground that he did not meet the qualifications necessary to hold office as a member of the Assembly is a judicial proceeding pursuant to Election Law § 16-102 (1), and since petitioners failed to commence this proceeding within the time limits prescribed by Election Law § 16-102 (2), the motion to dismiss the petition must be granted.

KANE, J. P. (dissenting). We respectfully dissent. In this case, the qualification as to residency is set forth in the State Constitution and, therefore, Supreme Court has jurisdiction to determine if this qualification has been met *(see, Matter of Spenser v Board of Educ.,* 39 AD2d 399, 401, *affd* 31 NY2d 810; *see also, Matter of Reich v Webster,* 105 AD2d 544, *appeal dismissed* 64 NY2d 1129). Accordingly, in our opinion, this is a timely CPLR article 78 proceeding.

We are unable to accept respondents' claim that the instant proceeding was, in reality, one challenging the validity of respondent F. Stanton Ackerman's designating petition and therefore subject to the 14-day time limitation within which to bring such a proceeding under Election Law § 16-102 (2). In support of this claim, respondents argue that the basis of the challenge, Ackerman's residence, was gleaned from the designating petition on which both his name and address were listed *(see,* Election Law § 6-132 [1]). However, the designating petition simply lists Ackerman's current address. Petitioners make no claim that the information provided was incorrect. Their only contention is that he did not reside there for the 12-month period required by NY Constitution, article III, § 7. Thus, petitioners are not challenging the information on the designating petition but rather are challenging Ackerman's substantive qualifications to sit as a Member of the Assembly for the 103rd Assembly District *(see, Matter of Reich v Web-*

*ster, supra; Matter of Spenser v Board of Educ., supra; Matter of Brayman v Stevens,* 54 Misc 2d 974, *affd* 28 AD2d 1090, *affd* 20 NY2d 868). Moreover, NY Constitution, article III, § 7 sets forth, in addition to the 12-month residency requirement, the requirement that a candidate for the Assembly be a United States citizen and a resident of this State for five years. These latter two requirements are not required to be set forth in a designating petition. Thus, if a proceeding had been brought to challenge these qualifications, respondents clearly could not make the argument that such a challenge was in fact a challenge to the designating petition.

Respondents' argument that the only remedy to challenge a candidate's residency requirements is under NY Constitution, article III, § 9, which states that "[e]ach house shall * * * be the judge of the elections, returns and qualifications of its own members", should, in our opinion, be rejected. This might be true once the general election has taken place *(see, Matter of Harwood v Meisser,* 41 AD2d 531, *affd* 31 NY2d 1000). However, it should not be necessary to wait until after the general election before a candidate's qualifications to hold office may be challenged *(see, Matter of Reich v Webster, supra).*

Although the goal of the Election Law is to prevent disenfranchisement of voters or costly delays or interruptions in the election process *(see, Matter of Village of Herkimer v Republican Party,* 119 Misc 2d 801, 804), the Democratic Party is not without remedy. If a vacancy occurs due to disqualification, the party committees may nominate a new candidate to run in the general election *(see,* Election Law §§ 6-148, 6-150; *see also, Matter of Owens v Sharpton,* 45 NY2d 794). On the other hand, it would be costly and wasteful to allow the election of an unqualified candidate.

Finally, it is the Election Law which provides the vehicle for presenting candidates to the voters so that they may select their representatives in the Legislature. Deciding who shall be their representatives is the duty assigned to the voters and, concomitantly, those same voters must assume responsibility for the actions of those chosen. To us it is axiomatic that if the voters are charged with ultimate responsibility for the actions of those selected to represent them, then the voters should have the right to assert objections to a designated candidate who is constitutionally disqualified to hold the office sought. A citizen, upon learning of a ground for disqualification, should not be confined to the highly technical and

complex provisions of the Election Law in seeking relief. A citizen is protected by the Constitution, not the Election Law.

Specifically, it is, at best, unrealistic to impose the time restrictions set forth in the Election Law in a case such as this. According to the provisions of the Election Law, objections would have to be filed by a citizen within three days after the filing of the designating petition and a proceeding would have to be commenced within 14 days after the last day to file the petition (Election Law § 6-154 [2]; § 16-102). However, the requisite facts establishing disqualification could be unrelated to any information contained in the petition and may not be manifest until after the expiration of the time limitations imposed. Such an unreasonable result would not have been intended by the Legislature when appropriate relief is provided by employing the provisions of CPLR article 78.

Turning to the merits, we must conclude that Ackerman did not meet the residence requirements of NY Constitution, article III, § 7. The facts as set forth by Ackerman are as follows. Before his marriage on November 3, 1984, he lived in an apartment outside of the 103rd Assembly District, and after that he moved into his wife's apartment which was also located outside the district. In June 1985, he and his wife signed a contract for the purpose of constructing a home within the 103rd Assembly District. In July 1985, he purchased land adjoining the construction site. In September of that year, he entered into a month-to-month lease agreement on his apartment in anticipation of his moving. Ackerman believed the home would be finished in October 1985. He claims that if not for various delays, he would have been in the home by November 4, 1985 and that it was always his intention that the new home be his residence and domicile. He notes that he purchased fixtures and appliances for the new home, made frequent visits to the property, obtained title insurance, and told friends, family and associates of his intent to move there.

Ackerman did not sustain his burden of proving by clear and convincing evidence that his residence was within the 103rd Assembly District as of November 4, 1985 (see, 49 NY Jur 2d, Domicil and Residence, § 47, at 47). Domicile and residence have been held to be synonymous under the Election Law (see, Matter of Isaacson v Heffernan, 189 Misc 16). Residence requires bodily presence in a given place while domicile requires bodily presence coupled with the intention of making it one's domicile. Both are required and intention alone is not

sufficient *(supra,* at p 18). Actual residence in the place chosen is required (49 NY Jur 2d, Domicil and Residence, § 10, at 13). "Mere land without a dwelling place does not establish a domicil" (49 NY Jur 2d, Domicil and Residence, § 2, at 7).

In this case, it is conceded that Ackerman did not move into his new home until January 1986.* It is submitted that his visits and planning, in light of the law as above set forth, were simply insufficient to show actual residence as of the time required under NY Constitution, article III, § 7. Therefore, Special Term's finding that Ackerman was not qualified to run as a candidate for Member of the Assembly from the 103rd Assembly District should not be disturbed. The judgment should be affirmed.

MIKOLL and HARVEY, JJ., concur with CASEY, J.; KANE, J. P., and MAIN, J., dissent and vote to affirm in an opinion by KANE, J. P.

Judgment reversed, on the law, without costs, and petition dismissed.

---

* *Matter of Isaacson v Heffernan* (189 Misc 16), which Ackerman cites for support, is inapposite insofar as it dealt with the special situation of members of the Armed Forces.