■ In the Matter of AMBROSE M. KRUPCZAK et al., Appellants, v ALBERT V. MANCINI et al., as Commissioners of the Montgomery County Board of Elections, et al., Respondents. (Proceeding No. 1.) In the Matter of AMBROSE M. KRUPCZAK et al., Appellants, v ALBERT V. MANCINI et al., as Commissioners of the Montgomery County Board of Elections, et al., Respondents. (Proceeding No. 2.) In the Matter of MICHAEL RAPHAEL, Respondent, v ALBERT MANCINI et al., as Commissioners of the Montgomery County Board of Elections, Respondents, and DEBORAH DE VITO, Appellant. (Proceeding No. 3.)—Per Curiam. Appeals (1) in proceeding No. 1 from an order of the Supreme Court (Best, J.), entered August 11, 1989 in Montgomery County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petitions naming various respondents for the positions of Members of the Montgomery County Democratic Committee in the September 12, 1989 primary election, (2) in proceeding No. 2 from an order of said court, entered August 17, 1989 in Montgomery County, which dismissed petitioners'

application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petitions naming various respondents for the positions of Members of the Montgomery County Democratic Committee in the September 12, 1989 primary election, and (3) in proceeding No. 3 from an order of said court, entered August 17, 1989 in Montgomery County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare valid the opportunity to ballot petition for the position of Member of the Montgomery County Democratic Committee in the September 12, 1989 primary election.

In proceedings Nos. 1 and 2, we agree with Supreme Court that the proceedings are untimely because they were not commenced within the 14-day time period prescribed by Election Law § 16-102 (2). Since petitioners are not candidates whose petitions have been declared invalid by the Montgomery County Board of Elections, we reject their contention that the 14-day limitation is inapplicable because they did not receive notice of the Board's decision within the 14-day period (cf., Matter of Pell v Coveney, 37 NY2d 494). As objectors, petitioners were required to act within the prescribed time limit since they had no need to await the Board's decision before acting (see, Matter of Bruno v Peyser, 40 NY2d 827; see also, Blenman v Herron, 51 NY2d 750).

In proceeding No. 3, we are of the view that since the petition for an opportunity to ballot was defective on its face in that it failed to list a committee to serve (see, Election Law § 6-166 [2]; see also, § 6-132 [1]), the Board properly declared the petition to be invalid despite the absence of specifications from respondent Deborah De Vito, the objector (see, Election Law § 6-154 [1], [3]; Matter of Walker v Salerno, 89 AD2d 1031, affd 57 NY2d 739). Accordingly, Supreme Court's order validating the opportunity to ballot petition must be reversed and the petition dismissed.

Orders in proceedings Nos. 1 and 2 affirmed, without costs.

Order in proceeding No. 3 reversed, on the law, without costs, and petition dismissed. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.