■ GREGORY B. OLMA, Appellant, v DAVID DALE et al., Constituting Erie County Board of Elections, Respondents. [761 NYS2d 572] —Appeal from an order and judgment (one document) of Supreme Court, Erie County (Sconiers, J.), entered March 4, 2002, which, inter alia, granted the cross motion of defendant David Dale in part and dismissed the action as untimely.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this declaratory judgment action in an attempt to prohibit defendant Commissioners of Elections and named officials of the Erie County Board of Elections from placing defendant David Dale's name on the ballot as the Democratic, Independence and Green Party candidate for the Erie County Legislature, Fifth Legislative District, in the November 2001 general election. The action was commenced on October 30, 2001, approximately five weeks after the primary election in which Dale was nominated by those Parties as their candidate. Dale cross-moved, inter alia, to dismiss the action as untimely, and Supreme Court, inter alia, granted the cross motion in part, determining that the action was subject to the 14-day statute of limitations provided by Election Law § 16-102 (2) and § 16-104 (3). Plaintiff now contends that the court erred in failing to declare the rights of the parties when it rendered its decision. We disagree.

"In order to determine * * * whether there is * * * a limitation prescribed by law for a particular declaratory judgment action it is necessary to examine the substance of that action to identify the relationship out of which the claim arises and the relief sought" (*Solnick v Whalen*, 49 NY2d 224, 229 [1980]). Irrespective of how plaintiff frames his claim, his attempt to have Dale's name removed from the ballot constitutes a contest to the designation or nomination of a candidate for public office pursuant to Election Law § 16-102 and a challenge to ballot content pursuant to Election Law § 16-104 (*see Matter of Scaringe v Ackerman*, 119 AD2d 327, 328-329 [1986], *affd* 68 NY2d 885 [1986]). Election Law § 16-102 (2) and § 16-104 (3) provide

strict deadlines for any legal proceeding that challenges designating petitions or ballot content. Plaintiff cannot avoid the time limitations of those statutes by initiating this declaratory judgment action that has no statutory basis (*see Scaringe,* 119 AD2d at 329; *see generally Solnick,* 49 NY2d at 229-230). Present—Pigott, Jr., P.J., Green, Wisner, Burns and Gorski, JJ.