(August 30, 2006)

■ In the Matter of BERTHA LEWIS et al., Respondents, v ROBERT GARFINKLE et al., Respondents, and CESAR TRUNZO et al., Appellants. [821 NYS2d 607]—

In a proceeding pursuant to CPLR article 78, inter alia, to invalidate certain so-called Wilson-Pakula certificates (*see* Election Law § 6-120 [3]) issued by the Suffolk County Working Families Party Executive Committee authorizing certain persons who were not enrolled as members of the Working Families Party to appear as candidates on the ballot in a primary election to be held on September 12, 2006 and a general election to be held on November 7, 2006, Caesar Trunzo, sued herein as Cesar Trunzo, Thomas Barraga, Andrew Raia, Robert Ghosio, Jr., sued herein as Bob Ghosio, Charles Pohanka, Donna Lent, and the Working Families Party Suffolk County Committee appeal, by permission, from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated August 22, 2006, which denied their motion, among other things, to dismiss the proceeding pursuant to CPLR 3211 (a) (5) and Election Law § 16-102 (2) as time-barred.

Ordered that the order is reversed, on the law, without costs or disbursements, that branch of the motion which was to dismiss the proceeding pursuant to CPLR 3211 (a) (5) and Election Law § 16-102 (2) as time-barred is granted, and the motion is otherwise denied as academic.

On May 18, 2006 at a meeting of the Suffolk County Working Families Party Executive Committee (hereinafter the Committee), it was resolved that so-called Wilson-Pakula certificates (*see* Election Law § 6-120 [3]) would be issued authorizing certain persons who were not enrolled as members of the Working Fam-

ilies Party to be placed as candidates (hereinafter the nonenrolled candidates) on the ballots for the upcoming primary and general elections. The certificates were filed with the Suffolk County Board of Elections on May 19, 2006. On June 7, 2006 the Committee issued so-called Wilson-Pakula certificates authorizing other nonenrolled candidates to be placed on the ballots in the upcoming elections, and those certificates were filed with the Suffolk County Board of Elections on July 13, 2006.

The gravamen of this proceeding pursuant to CPLR article 78 is that certain candidates were improperly placed on the ballot in Suffolk County due to the allegedly illegal issuance of Wilson-Pakula certificates by the Committee. As the proceeding seeks to remove candidates from the ballot based on the nomination and designation procedures of Election Law article 6, it is governed by the statute of limitations set forth in Election Law § 16-102 (2) (*see Matter of Scaringe v Ackerman,* 119 AD2d 327 [1986], *affd* 68 NY2d 885 [1986]). Pursuant to Election Law § 16-102 (2), July 27, 2006, was the deadline to commence judicial proceedings with respect to petitions designating persons as candidates for public office. Accordingly, this proceeding, commenced on August 11, 2006, was untimely. To the extent that *Matter of Conservative Party of State of N.Y. v New York State Bd. of Elections* (231 AD2d 481 [1996]) may be read to the contrary, it should no longer be followed.

In light of the foregoing, we need not consider the parties' remaining contentions.

Motion by Caesar Trunzo, sued herein as Cesar Trunzo, Thomas Barraga, Andrew Raia, Robert Ghosio, Jr., sued herein as Bob Ghosio, Charles Pohanka, Donna Lent, and Working Families Party Suffolk County Committee for leave to appeal to this Court from an order of the Supreme Court, Suffolk County, dated August 22, 2006.

Upon the papers filed in support of the motion and no papers having been filed in opposition or relation thereto, it is

Ordered that the motion is granted (*see* CPLR 5701 [b] [1]; [c]). Crane, J.P., Krausman, Mastro and Rivera, JJ., concur.