OPINION OF THE COURT
Victor J. Alfieri, Jr., J.
Petitioner (hereinafter DeCaprio or petitioner), the incumbent Democratic candidate for Justice of the Village of Haverstraw, by order to show cause and petition, commenced this proceeding pursuant to Election Law article 16 to invalidate the designating petition of respondent Victor G. Daly-Rivera (hereinafter Daly-Rivera or respondent), a Democratic candidate for the same position. DeCaprio claims that “Daly-Rivera is not eligible to hold office in the Village of Haverstraw because he is not a resident of the Village of Haverstraw.” (See exhibit C attached to the petition.) Daly-Rivera filed an affirmation opposing the relief sought on both procedural and substantive grounds. He argues that due to improper service, the court lacks *219 personal jurisdiction and that the petition is untimely. In addition, he argues that his designating petition is valid as residency within the Village of Haverstraw is not required at the time of the filing of the designating petition.
On August 5, 2011, the return date of the order to show cause, this court heard oral arguments from the parties.[1]
Turning first to the procedural arguments, this court finds that it does have personal jurisdiction over the proceeding despite respondent’s contention that he was not served “personally” in violation of the order to show cause. The only requirement set forth in the order to show cause regarding service was that the papers “be delivered to” the named parties. The court, however, did not change or otherwise specify the manner of service. As such, “personal service” under any of the methods set forth in CPLR 308 would constitute sufficient service. Although delivery to “a person of suitable age and discretion,” as happened here, is not complete until 10 days after filing proof of service with the clerk of the court, the court finds that due to the time constraints applicable here, and the fact that respondent did, in fact, receive service of the papers, filed timely opposition papers and appeared at the hearing, the issue is, at best, academic.
With respect to respondent’s argument that petitioner’s proceeding is time-barred, the court agrees that the proceeding was not timely filed. Pursuant to Election Law § 16-102 (2), which pertains to proceedings as to designations “of any candidate for any public office,”
“[a] proceeding . . . with respect to a petition for a village election . . . shall be instituted within seven days after the last day to file the petition for such village election ... or within three business days after the officer or board with whom or which such petition was filed, makes a determination of invalidity with respect to such petition, whichever is later.”
Applied here, the last day to file a designating petition was July 14, 2011 and the RCBOE’s determination was made on July 20, 2011. Pursuant to the statute, then, the last day to file a proceeding was the latter of July 21, 2011 (seven days from July 14, 2011, the last day to file the petition) and July 25, 2011 *220 (three business days after the RCBOE’s determination). Since July 25, 2011 is the latter of the two dates, petitioner was required to institute this proceeding on or before that date. (See Election Law § 16-102 [2].) The time limitations for instituting proceedings pursuant to Election Law § 16-102 (2) are to be strictly adhered to. (See Olma v Dale, 306 AD2d 905 [4th Dept 2003]; see also Matter of Independence Party of Orange County v New York State Bd. of Elections, 32 AD3d 804 [2d Dept 2006].) Since petitioner filed his order to show cause and petition on July 28, 2011, his petition was not timely filed.
Petitioner argues, however, that the seven-day limitation period does not apply here since the subject election is being conducted by the RCBOE, as opposed to the Village of Haverstraw, and as such, the provisions of article 15 governing village elections do not apply. Interestingly, respondent does not argue that article 15 applies at all. Respondent relies solely on Election Law § 16-102 (2) for his contention that the subject proceeding was not timely filed.
Having reviewed the applicable statutes, the court finds petitioner’s argument to be without merit. To begin, Election Law § 16-102 (2) specifies that the time limitation for a proceeding with respect to a petition for a village election is the latter of seven days from the last day to file the petition or three business days after the determination by the officer or hoard. Clearly, since the statute identifies both the officer (the village clerk in a village-run election) or the board (the RCBOE in an election conducted pursuant to Election Law § 15-104 [c]), the seven-day limitation period applies in either situation. Since section 16-102 (2), when referring to village elections, does not differentiate between village elections that are conducted by the village and those that are conducted by the county board of elections pursuant to Election Law § 15-104 (c) but rather specifically identifies both types of elections, petitioner’s argument makes no sense. Regardless of who is conducting the election, it is still a “village election,” i.e., an election for village officers. (See Election Law § 1-104 [32]-[35].) Moreover, Election Law § 15-100 specifically states that where a village election is being conducted by the county board of elections, the other provisions of this chapter (referring to the Election Law) governing the conduct of elections shall apply. Since article 15 contains no provision similar to Election Law § 16-102 (2), and in order to give that language any effect, the deadlines set forth therein specific to village elections must apply to the within matter. As such, the petition must be denied and the proceeding dismissed.
*221 Notwithstanding the above, the court will nevertheless address petitioner’s contention that respondent’s designating petition is invalid since he is not a resident of the Village of Haverstraw and therefore is not eligible to run for village justice. In support of his position, petitioner cites to Village Law § 3-300 (2) and Election Law § 6-122, as well as Public Officers Law § 3. Each of the three cited statutes sets forth eligibility requirements for holding public office. Specifically, Village Law § 3-300 (2) provides, in relevant part, as follows:
“No person shall be eligible ... to hold any other village office who: is not a citizen of the United States; is not at least eighteen years of age; except as may otherwise be provided by law, is not a village resident; and, if eligibility to or holding of such office is subject to regulation under the civil service law or any other law, does not meet the requirements of such law or laws.” (Emphasis added.)
Moreover, Election Law § 6-122, which sets forth eligibility requirements pertaining to people designated or nominated for public office, states:
“A person shall not be designated or nominated for a public office or party position who (1) is not a citizen of the state of New York; (2) is ineligible to be elected to such office or position; or (3) who, if elected will not at the time of commencement of the term of such office or position, meet the constitutional or statutory qualifications thereof or, with respect to judicial office, who will not meet such qualifications within thirty days of the commencement of the term of such office.” (Emphasis added.)
Lastly, Public Officers Law § 3 (1), regarding qualifications for holding office, provides, as it is applicable to holding a local office, that “[n]o person shall be capable of holding a civil office who shall not, at the time he shall be chosen thereto ... be a . . . resident of the political subdivision or municipal corporation of the state for which he shall be chosen.”[2]
*222 Having considered these three statutes in conjunction with one another, this court finds that respondent’s designating petition is valid and affirms the decision of the RCBOE. According to Village Law § 3-300 (2), there is no dispute that in order for a person to be eligible to hold the office of village justice, he must be a village resident. However, there is an exception to the village residency requirement — that is, as may otherwise be provided by law. Two such laws that provide the exception are Election Law § 6-122 and Public Officers Law § 3 (1).
Turning first to section 6-122, the court recognizes that the statute is written using the word “or,” which is “[a] disjunctive particle used to express an alternative or to give a choice of one among two or more things.” (See Black’s Law Dictionary 1095 [6th ed 1990].) Contrary to petitioner’s claim, if a person does not meet the requirements set forth in subdivisions (1) or (2), then the exception set forth in subdivision (3) applies. Here, because the respondent is running for a judicial office, i.e., village justice, he is required to meet the constitutional and statutory qualifications “within thirty days of the commencement of the term of such office.” (See Election Law § 6-122.)[3] Contrary to petitioner’s claim, there is nothing in the statute to limit its applicability to those situations where an attorney, who needed to be admitted to practice for 10 years in order to run for supreme court justice, would have an additional 30 days after the commencement of the term to meet the eligibility requirements.[4] It is well settled that “application of a statute’s clear language should not be ignored in favor of more equivocal evidence of legislative intent.” (Desiderio v Ochs, 100 NY2d 159, 169 [2003].) As such, Election Law § 6-122 is a statute that otherwise provides that respondent need not be a village resident to be designated for village justice.
Public Officers Law § 3 (1) also provides an exception to the village residency requirement. As set forth above, that section sets the eligibility requirements for holding public office to be “at the time he shall be chosen thereto.” Thus, so long as respondent is a resident of the Village of Haverstraw at the time of the general election, he will be qualified to *223 hold such office. (See e.g. Matter of Keith v King, 220 AD2d 471 [2d Dept 1995].)
Based on the foregoing, it is hereby ordered that the petition is denied and the proceeding is dismissed.

. Although no papers were filed with the court on its behalf, respondent Rockland County Board of Elections (hereinafter RCBOE) was present and participated at the hearing.

. Interestingly, during oral argument, petitioner argued that the Public Officers Law may not even apply to the within proceeding as that body of law deals with public officers who are appointed to their positions. (See tr, dated Aug. 5, 2011, at 9-10.) However, Public Officers Law § 2 defines a “local officer” as “every other officer who is elected by the electors of a portion only of the state, every officer of a political subdivision or municipal corporation of the state, and every officer limited in the execution of his official functions to a portion only of the state.”

. The court finds that the cases cited by petitioner are misplaced as none of those cases dealt with a candidate running for judicial office. (See petition U 21.)

. See tr, dated Aug. 5, 2011, at 19-21.