(October 24, 2011)

■ In the Matter of ERIK HAIGHT, as a Commissioner of the Dutchess County Board of Elections, Respondent, v FRAN KNAPP, Appellant, et al., Respondents. [931 NYS2d 135]—

A petition designating Adrian Anderson, William Grady, Brad Kendall, and Marcus Molinaro as the Conservative Party candidates for the public offices of Sheriff, District Attorney, County Clerk, and Dutchess County Executive, respectively, was timely filed with the Dutchess County Board of Elections. As none of these candidates were enrolled members of the Conservative Party, on July 19, 2011, the Dutchess County Conservative Party filed a so-called Wilson-Pakula certificate (*see* Election Law § 6-120 [3]) authorizing them to appear on the ballot.

Thereafter, in a proceeding pursuant to Election Law § 16-102, the Supreme Court, in effect, granted a petition to invalidate the Wilson-Pakula certificate *only* to the extent that the certificate authorized Molinaro to appear on the ballot for the Conservative Party for the public office of Dutchess County Executive on the ground that the certificate was not timely filed. The petition did not seek to invalidate the Wilson-Pakula certificate with respect to Anderson, Grady, and Kendall. Noting that the only relief requested in the petition pertained to Molinaro, the Supreme Court directed only that Molinaro's

name be excluded from the ballot as a candidate of the Conservative Party. No appeal was taken by Molinaro, the other candidates, or any other party from the final order making that directive.

On October 5, 2011, the petitioner, Erik Haight, in his capacity as a Commissioner of the Dutchess County Board of Elections, commenced this proceeding, inter alia, pursuant to Election Law article 16, among other things, in effect, to direct the Dutchess County Board of Elections to exclude the names of Anderson, Grady, and Kendall from the ballot as candidates of the Conservative Party in a general election to be held on November 8, 2011. In the final order appealed from, the Supreme Court, among other things, granted that branch of the petition which was, in effect, to direct that these names be excluded from the subject ballot. Fran Knapp, also a Commissioner of the Dutchess County Board of Elections, who was named as a respondent in the proceeding, appeals, and we reverse the final order insofar as appealed from.

Election Law § 6-154 (1) provides that any petition filed shall be "presumptively valid if it is in proper form and appears to bear the requisite number of signatures, authenticated in a manner prescribed by this chapter." While it is true that the untimely filing of a certificate of authorization is a "fatal defect" (Election Law § 1-106 [2]; see Matter of Amo v Orange County Bd. of Elections, 286 AD2d 454 [2001]), there was no timely proceeding brought to challenge, as untimely, the otherwise presumptively valid Wilson-Pakula certificate authorizing the candidacies of Anderson, Grady, and Kendall.

Notwithstanding the characterization of this proceeding, the petitioner seeks to exclude candidates from the ballot based on the nomination and designation procedures of Election Law article 6, relief that is governed by the statute of limitations set forth in Election Law § 16-102 (2) (see Matter of Independence Party of Orange County v New York State Bd. of Elections, 32 AD3d 804 [2006]; Matter of Lewis v Garfinkle, 32 AD3d 548 [2006]; Matter of Scaringe v Ackerman, 119 AD2d 327 [1986], affd 68 NY2d 885 [1986]). Pursuant to Election Law § 16-102 (2), July 28, 2011, was the last day to commence judicial proceedings with respect to the petitions designating persons as candidates for public office. As this proceeding was not commenced until October 5, 2011, the challenge to the nomination and designation procedure was untimely. Accordingly, the Supreme Court erred in granting that branch of the petition which was, in effect, to direct the Dutchess County Board of Elections to exclude the names of Anderson, Grady, and Kendall from the subject ballot.

In light of the foregoing, we need not consider the parties' remaining contentions. Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.