In a proceeding denominated as one pursuant to CFLR article 78, inter alia, in the nature of mandamus to compel the Westchester County Board of Elections to reject any petition designating a person as a candidate in a primary election to be held on September 10, 2013, for the nomination of the Republican Farty as its candidate for the public office of Westchester County Legislator, 1st, 2nd, 5th, 7th, 9th, or 14th Legislative Districts, filed with the Westchester County Board of Elections after 5:00 p.m. on July 11, 2013, and any petition for an op *989 portunity to ballot by providing for a write-in candidate pursuant to Election Law § 6-164 in the same primary election for the nomination of the Independence Party as its candidate for any of the same public offices noted above filed with the Westchester County Board of Elections after 5:00 p.m. on July 18, 2013, the petitioners appeal from a final order of the Supreme Court, Westchester County (DiBella, J.), entered August 29, 2013, which denied the petition and dismissed the proceeding.
Ordered that the final order is affirmed, without costs or disbursements.
Initially, we note that, under the particular circumstances of this case, the appeal is not academic.
On August 26, 2013, the petitioners commenced this proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the Westchester County Board of Elections (hereinafter the Board) to reject, “as fatally defective and void,” certain designating petitions for a primary election to be held on September 10, 2013, filed with the Board after 5:00 p.m. on July 11, 2013, and certain opportunity-to-ballot petitions for the same primary election filed with the Board after 5:00 p.m. on July 18, 2013. In the final order appealed from, the Supreme Court denied the petition and dismissed the proceeding, concluding, among other things, that the proceeding was time-barred under the statute of limitations set forth in Election Law § 16-102 (2).
Notwithstanding the characterization of this proceeding as one pursuant to CPLR article 78, the petitioners seek to exclude candidates from the ballot based on their alleged failure to comply with the nomination and designation procedures of Election Law article 6, as supplemented by the general provisions of Election Law § 1-106. Accordingly, this proceeding is governed by the statute of limitations set forth in Election Law § 16-102 (2) (see Matter of Independence Party of Orange County v New York State Bd. of Elections, 32 AD3d 804, 804 [2006]; Matter of Lewis v Garfinkle, 32 AD3d 548, 549 [2006]; Matter of Scaringe v Ackerman, 119 AD2d 327, 328-329 [1986], affd 68 NY2d 885 [1986]; see also Matter of Haight v Knapp, 88 AD3d 921, 923 [2011]). Since it is undisputed that this proceeding was not commenced within 14 days after the last day to file the designating and opportunity-to-ballot petitions at issue, as required by Election Law § 16-102 (2), the Supreme Court properly dismissed the proceeding as untimely.
The parties’ remaining contentions either are without merit or need not be addressed in light of our determination. Rivera, J.P, Roman, Sgroi and Hinds-Radix, JJ., concur.