Matter of Nowinski v New York City Bd. of Elections (2018 NY Slip Op 05809)





Matter of Nowinski v New York City Bd. of Elections


2018 NY Slip Op 05809


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2018-09747
 (Index No. 6029/18)

[*1]In the Matter of Victoria Nowinski, et al., appellants,
v
New York City Board of Elections, et al., respondents.




DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent Board of Elections in the City of New York, sued herein as the New York City Board of Elections, rejecting the petitioners' objections to a petition designating the respondent Thomas P. Sullivan as a candidate in a primary election to be held on September 13, 2018, for the nomination of the Independence Party as its candidate for the public office of State Senator for the 15th Senatorial District, and to compel the respondent Board of Elections in the City of New York, sued herein as the New York City Board of Elections, to remove the respondent Thomas P. Sullivan's name from the ballot for such election, the petitioners appeal from a judgment of the Supreme Court, Queens County (Richard G. Latin, J.), entered August 9, 2018. The judgment denied the petition and dismissed the proceeding as time-barred.
ORDERED that the judgment is affirmed, without costs or disbursements.
The respondent Thomas P. Sullivan filed a petition with the respondent Board of Elections in the City of New York, sued herein as the New York City Board of Elections (hereinafter the Board), designating him as a candidate in a primary election to be held on September 13, 2018, for the nomination of the Independence Party as its candidate for the public office of State Senator for the 15th Senatorial District. The petitioners subsequently filed general objections and specifications of objections challenging the adequacy of Sullivan's designating petition. The Board thereafter notified the petitioners that their objections were defective, and offered them an opportunity to be heard with respect to that issue. The petitioners did not appear for the hearing, and Sullivan remained on the ballot as a candidate. The petitioners thereafter commenced this proceeding pursuant to CPLR article 78, inter alia, to review the Board's determination rejecting their objections and to compel the Board to remove Sullivan's name from the ballot.
It is undisputed that the petitioners commenced this proceeding challenging the Board's actions and the adequacy of Sullivan's designating petition after the expiration of the 14-day limitations period set forth in Election Law § 16-102(2). Accordingly, the Supreme Court denied the petition and dismissed the proceeding as time-barred. We affirm.
We agree with the Supreme Court's dismissal of the proceeding as untimely, as it was not commenced within the period prescribed by Election Law § 16-102(2) (see Matter of Sayegh v Scannapieco, 10 AD3d 439; Matter of Krupczak v Mancini, 153 AD2d 785, 786). Although the petitioners commenced this proceeding pursuant to CPLR article 78, they seek to remove Sullivan's [*2]name as a candidate from the ballot based on an alleged failure to comply with the requirements for a valid designating petition under the Election Law. Accordingly, this proceeding is governed by the statute of limitations set forth in the Election Law (see Matter of Ciotti v Westchester County Bd. of Elections, 109 AD3d 988, 989; Matter of Lewis v Garfinkle, 32 AD3d 548, 549; Matter of Scaringe v Ackerman, 119 AD2d 327, 328-329, affd 68 NY2d 885, 886; Matter of Murray v Lord, 46 AD2d 721, affd 35 NY2d 737). Moreover, as unsuccessful objectants to Sullivan's candidacy, the petitioners were required to commence the proceeding within the 14-day limitations period even if they did not receive notice of the Board's decision during that time period (see Matter of Thompson v Wallace, 45 NY2d 803, 804; Matter of Bruno v Peyser, 40 NY2d 827, 828; Matter of Krupczak v Mancini, 153 AD2d at 786).
In view of the foregoing, we need not consider the petitioners' remaining contentions.
MASTRO, J.P., LEVENTHAL, MILLER, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court