■ In the Matter of ROSALIND STAMPF, Appellant, v TIMOTHY HILL et al., as Commissioners of the Sullivan County Board of Elections, et al., Respondents. [630 NYS2d 813] —Per Curiam. Appeal from a judgment of the Supreme Court (Torraca, J.), entered August 18, 1995 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent Donald P. Trotta as the Republican Party candidate for the office of Sullivan County Legislator in the September 12, 1995 primary election.

---

On July 5, 1995 the Republican Party committee members from the Sullivan County Legislative District No. 4, pursuant to Election Law § 6-120 (3), approved the Republican Party candidacy of respondent Donald P. Trotta, an enrolled member of the Democratic Party, for the position of Sullivan County Legislator, District No. 4. Thereafter on July 13, 1995, a designating petition and certificate of authorization were filed with the Sullivan County Board of Elections with respect to Trotta's candidacy. After filing general and specific objections, petitioner commenced this proceeding on July 26, 1995 to invalidate Trotta's designating petition contending that the certificate of authorization was invalid. Trotta in his answer included an affirmative defense that this proceeding is barred by the 10-day Statute of Limitations set forth in Election Law § 16-102 (2) concerning proceedings with respect to a meeting of a party committee. Supreme Court, finding this defense meritorious, dismissed on the ground that the proceeding was untimely.

Since Election Law § 16-102 (2) provides for several time limitations, the matter distills to a question of whether this proceeding to invalidate a petition is subject to a 14-day Statute of Limitations running from the last day to file designating petitions, in which event it would be timely, or whether it is a proceeding with respect to the filing of a certificate of nomination made at a meeting of a party committee, which must be instituted within 10 days of said meeting. Our review of the law compels us to a decision that the proceeding relates to the designating petition and thus was timely.

In our view, the provision of Election Law § 16-102 upon which Supreme Court relied applies only where a meeting of a party committee results in the nomination of a candidate. Here, Trotta could only be nominated at a primary election (Election Law §§ 6-110, 6-118) and the only document emanating from the subject committee meeting was a certificate of authorization. We note that the Election Law does not equate a certificate of nomination with a certificate of authorization and does not use the terms interchangeably (see, Election Law §§ 6-156, 6-158 [13]). Thus, since a certificate of authorization is an integral part of a valid designating petition (see, Matter of Plunkett v Mahoney, 76 NY2d 848, modfg on dissenting mem below 164 AD2d 976; Matter of Hanofee v Board of Elections, 16 NY2d 885; Matter of Van Stockum v Castine, 218 AD2d 915 [decided herewith]), we find that the 14-day Statute of Limitations applies and the dismissal of this proceeding was in error.

Since Supreme Court merely ruled on the fifth affirmative

defense and left unresolved the remainder of the proceeding, we find that this matter is not properly postured for effective appellate review (*cf.*, *Matter of Isabella v Hotaling*, 207 AD2d 648, 649, *lv denied* 84 NY2d 801) and, accordingly, remit to Supreme Court for further proceedings.

Cardona, P. J., White, Casey, Peters and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.