(October 24, 1995)

■ In the Matter of PETER J. SAVAGO, Respondent, v ULSTER COUNTY BOARD OF ELECTIONS et al., Respondents, and ULSTER COUNTY DEMOCRATIC PARTY COMMITTEE et al., Appellants. [632 NYS2d 700] —Per Curiam. Appeal from a judgment of the Supreme Court (Torraca, J.), entered October 18, 1995 in Ulster County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-104, to, *inter alia*, declare invalid the designation of respondent Michael T. Hoeger as the Democratic Party candidate for the office of Ulster County Legislator for Legislative District No. 7 in the November 7, 1995 general election.

By orders to show cause dated September 28, 1995 and October 3, 1995, petitioner commenced this proceeding pursuant to Election Law § 16-104, CPLR article 78 and for a declaratory judgment to remove the name of respondent Michael T. Hoeger from the ballot, ostensibly on the ground that his designation as the Democratic Party candidate for the position of Ulster County Legislator by respondent Committee to Fill Vacancies filed with respondent Ulster County Board of Elections (hereinafter the Board of Elections) on July 20, 1995 was void. The basis for that allegation was that Joseph Frangione, the originally designated candidate who was not a member of the Democratic Party, had not filed a certificate of acceptance and, further, that a letter of declination which was signed by Frangione and filed with the Board of Elections on July 17, 1995 was not in proper form. Petitioner, one of the two Commissioners of the Board of Elections, despite his official participation in informing the Committee to Fill Vacancies by letter dated July 17, 1995 of the filing of Frangione's declination, contends that the lack of an acknowledgment rendered Frangione's designation void pursuant to Election Law § 6-146 and that this fact was kept from him by the fraudulent conduct of a Deputy Election Commissioner; as a result, petitioner

argues, the subsequent designation of Hoeger was a nullity. Following a hearing at which petitioner failed to offer any proof regarding the alleged fraud, Supreme Court granted the petition without addressing respondents' timeliness defense. Respondent Ulster County Democratic Committee and the Committee to Fill Vacancies appeal.

We reverse. Petitioner was aware of the facts forming the basis for the alleged fraud as of July 28, 1995 upon his receipt of Frangione's letter dated July 27, 1995. This proceeding is subject to the 14-day period of limitations established by Election Law § 16-102 (2) (*see, Matter of Scaringe v Ackerman*, 119 AD2d 327, *affd on opn below* 68 NY2d 885; *see also, Matter of Stampf v Hill*, 218 AD2d 919; *Matter of Ferguson v Cheeseman*, 138 AD2d 852; *Matter of Garrow v Mitchell*, 112 AD2d 1104, *lv denied* 65 NY2d 607) and, as such, is clearly untimely. Moreover, petitioner failed to establish the alleged fraud which he claims kept him from timely discovering the defects in Frangione's declination.

Cardona, P. J., Mikoll, Mercure, Casey and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.