■ In the Matter of NANCY A. NAPLES et al., Appellants, v JEFF SWIATEK et al., Respondents. [730 NYS2d 589] —Order unanimously affirmed without costs. Memorandum: Petitioners commenced this special proceeding pursuant to Election Law § 16-102 seeking an order invalidating the designating petitions and certificates of authorization of respondent candidates, and enjoining respondent Erie County Board of Elections from placing the names of those candidates on the ballot for the Independence Party primary to be held on September 11, 2001. Supreme Court dismissed the petition on the grounds that petitioners lack standing and failed to commence this proceeding in a timely manner. We conclude that the court erred in determining that the non-Independence Party petitioners lack standing. Election Law § 16-102 (1) provides in relevant part that "[t]he nomination or designation of any candidate for any public office * * * may be contested in a proceeding instituted in the supreme court by any aggrieved candidate * * * or by a person who shall have filed objections" (see also, Election Law § 6-154). The non-Independence Party petitioners have been designated as candidates of the Independence Party pursuant to Election Law § 6-120 (3), and thus those petitioners are aggrieved candidates (see generally, Matter of Wydler v Cristenfeld, 35 NY2d 719, 720).

With respect to the remaining petitioners, however, we conclude that the court properly determined that they lack standing. In response to the affirmative defense of respondents Daniel J. Crangle, Frank J. Longo, Charles E. Burkhardt and Roger Murphy that those petitioners lack standing because they failed to file objections pursuant to Election Law § 6-154, those petitioners failed to establish that they filed such objections. In addition, we conclude that the court properly determined that those petitioners failed to commence this proceeding in a timely manner (see, Election Law § 6-154 [2]) and therefore properly dismissed the petition with respect to them on that ground as well.

The court erred, however, in determining that the proceeding with respect to the non-Independence Party petitioners is time-barred (see, Matter of Stampf v Hill, 218 AD2d 919, 920; Matter of Martin v Tutunjian, 89 AD2d 1034). Pursuant to Election Law § 16-102 (2), "A proceeding with respect to a petition shall be instituted within fourteen days after the last day to file the petition, or within three business days after the officer or board with whom or which such petition was filed, makes a determination of invalidity with respect to such petition, whichever is later." The non-Independence Party petitioners

filed their order to show cause within 14 days after the last day to file the designating petitions (see, Election Law § 6-158 [1]), and thus they timely commenced this proceeding (see, Matter of Stampf v Hill, supra, at 920).

We nevertheless conclude, however, that the petition with respect to the non-Independence Party petitioners was properly dismissed. Those petitioners failed to plead their fraud claims with the requisite specificity (see, CPLR 3016 [b]) and, with respect to their remaining claims, failed to meet their burden of proof concerning their alleged lack of notice of the authorization meeting and invalid signatures on the designating petitions of respondent candidates. (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Election Law.) Present—Pigott, Jr., P. J., Green, Pine, Wisner and Lawton, JJ.