OPINION OF THE COURT
Henry F. Zwack, J.
In this proceeding, petitioner seeks to invalidate a certain certificate of substitution designating respondent Eric Kitchen as candidate for town councilman of the Town of Ulster. Respondents Thomas Turco and John Párete have appeared and have taken no position with regard to the merits of the petition.
On July 19, 2007, petitions filed with the Ulster County Board of Elections designated Craig Artist as a candidate for the Independence Party’s nomination for the September 18, 2007 primary for the office of town councilman of the Town of Ulster. These petitions contain the names of two persons designated for the committee on vacancies. Also on July 19, 2007, a certificate of authorization was filed authorizing the nomination of Craig Artist, an enrolled Republican, as a candidate of the Independence Party, for the office of town councilman. On July 13, 2007, Craig Artist had filed a certificate of declination, declining the above-referenced nomination. On July 26, 2007, a certificate of substitution was filed with the Board of Elections, designating Eric Kitchen in the place and stead of Craig Artist.
Petitioner alleges that the certificate of substitution is invalid because the petitions filed on July 19, 2007 contain the names of only two persons designated for the committee on vacancies. Petitioner asserts that the failure to appoint three individuals to the committee on vacancies makes the appointment of said committee a nullity. Petitioner contends that because there is no committee on vacancies, there can be no valid substitution of a candidate. Petitioner also contends that because Craig Artist declined the nomination prior to the filing of the certificate of authorization, and never had filed an acceptance of the nomination, there was no valid nomination and, therefore, the purported substitution is void.
Respondent Kitchen has answered the petition and has raised objections in point of law that this action is barred by the statute of limitations, that the members of the committee to fill vacancies and the Ulster County Independence Party are necessary parties to this proceeding, and that petitioner lacks standing.
The parties have stipulated to the following facts in a written stipulation, dated August 9, 2007: (1) That Craig J. Artist is *404 enrolled in the Republican Party, (2) that no certificate of acceptance was filed by Craig J. Artist accepting the nomination of the Independence Party for the office of town councilman for the Town of Ulster, and (3) that the certificate of authorization authorizing Craig J. Artist as the candidate of the Independence Party for the office of town councilman of the Town of Ulster was filed in the office of the Ulster County Board of Elections on July 19, 2007.
With regard to the statute of limitations issue, it is also undisputed that this action was commenced on August 8, 2007. Petitioner argues that the statute of limitations is 14 days and should run from the filing of the certificate of substitution, July 26, 2007, which is when petitioner asserts the cause of action accrued because it was not until this point when petitioner was aggrieved. Petitioner asserts that the designating petition was not valid because Craig Artist filed a declination prior to the filing of the petition and because he never filed an acceptance. Petitioner asserts that therefore the statute of limitations should run from the date of filing of the certificate of substitution. Respondent Kitchen asserts that the statute of limitations is either 10 days and runs from the date of filing of substitution, or is 14 days and runs from the last day to file the petition, pursuant to Election Law § 16-102.
The court finds that the statute of limitations bars this proceeding. Election Law § 16-102 (2) provides in relevant part as follows:
“A proceeding with respect to a petition shall be instituted within fourteen days after the last day to file the petition, or within three business days after the officer or board with whom or which such petition was filed, makes a determination of invalidity with respect to such petition . . . .”
Further, the 14-day period ran from the last day to file the petition, July 19, 2007 (see Election Law § 16-102 [2]). The court declines to find that the date of filing of the certificate of substitution is the relevant date for the statute of limitations (see, e.g., Matter of Coschignano v Dane, 21 AD3d 504 [2d Dept 2005] [statute of limitations runs from last day to file petition and not from date of filing of certificate of substitution]). The case law cited by petitioner is distinguishable and involved a situation where a petition had been previously voided by court order, and therefore the court declined to find the petition date relevant for statute of limitations purposes with regard to a *405 subsequent certificate of substitution (Gdanski v Rockland County Bd. of Elections, 97 AD2d 744 [2d Dept 1983]). Those unique facts are not before this court.
In the present case, Craig Artist had filed his declination prior to the designating petition and prior to ever filing an acceptance. Petitioner asserts that this resulted in there being no valid nomination and that therefore the statute of limitations runs from the date of filing of the certificate of substitution. Contrary to petitioner’s assertions, the court finds that the timing of the declination of Craig Artist did not invalidate the petition (see generally, Matter of Farbstein v Suchman, 26 NY2d 564 [1970]). The Election Law does not expressly prohibit the filing of declinations prior to the filing of designating petitions, although an end date for filing declinations is set forth, which in the present case was July 23, 2007. The declination came into effect upon the filing of the designating petition and the Election Law does not provide, and no other authority that this court is aware of provides, that the prepetition filing of a declination operates to invalidate a designating petition.
The court further notes that were it to find an alternative event relevant for statute of limitations purposes, it would find the date of declination relevant because this is the event that activates the committee to fill vacancies. Pursuant to Election Law § 6-134 (8), an infirmity with the committee to fill vacancies does not invalidate the petition unless a vacancy occurs. In this case, the vacancy occurred when the declination of Craig Artist became effective, which was upon the filing of the designating petition, since his declination was filed prior to the designating petition. Therefore, even if this court were to consider an alternative date, the end result would be the same in this case. However, the court is mindful that the statute of limitations is expressly set forth within the Election Law and this court will not deviate from the express statutory language.
In regard to petitioner’s argument that he was not aggrieved upon the filing of the designating petition, this court notes first that petitioner is asserting that the petition was invalid due to the prepetition declination of Craig Artist. This fact was discoverable on the date of the filing of the petition and therefore is a further reason why the statute of limitations must run from the last day to file petitions. Additionally, the court further notes case law interpreting the statute of limitations under the Election Law that has held that objectors must comply with the statutory deadlines, even in situations where *406 the objector asserts that they were not aggrieved prior to the expiration of the statute of limitations (see, e.g., Levy v Nassau County Bd. of Elections, 162 Misc 2d 861 [Sup Ct, Nassau County 1994] [challenge to primary election where final vote count was not obtained by candidates until statutory deadline for filing .a petition had expired; court held that objector was required to file within the statute of limitations set forth in the Election Law and proceeding by objector was untimely]). In this case, however, all relevant events occurred prior to the expiration of the statute of limitations.
For all the foregoing reasons, the court finds that the present proceeding is barred by the 14-day statute of limitations pursuant to Election Law § 16-102 (2).
Accordingly, it is ordered that the petition is dismissed.