■ In the Matter of James P. Keane, as Aggrieved Candidate, et al., Respondents, v Paul T. Clark, as Candidate, et al., Appellants. [841 NYS2d 421]—

Appeals from an order of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered August 15, 2007 in a proceeding pursuant to Election Law article 16. The order, inter alia, denied respondents' motion seeking dismissal of the petition on the ground that it was not timely served on all of the parties.

It is hereby ordered that the order so appealed from be and

the same hereby is unanimously reversed on the law without costs, the motion is granted and the petition is dismissed.

Memorandum: Petitioners commenced this proceeding seeking, inter alia, to invalidate the designating petition of respondent Paul T. Clark as the Independence Party Candidate for the office of Erie County Executive (*see* Election Law § 6-120 [3]). Supreme Court denied respondents' motion seeking dismissal of the petition on the ground that it was not timely served on all of the parties. That was error. Election Law § 16-102 (2) requires that a proceeding with respect to a designating petition, of which a certificate of authorization is an integral part, "shall be instituted within fourteen days after the last day to file the petition" (*see Matter of Stampf v Hill*, 218 AD2d 919 [1995]; *see also Matter of Naples v Swiatek*, 286 AD2d 567 [2001], *lv denied* 96 NY2d 718 [2001]). Here, although petitioners timely filed the petition, they failed to serve all of the parties with the petition within the requisite 14-day period, and the court therefore should have dismissed the petition as time-barred (*see Matter of Riley v Democratic Party of Owasco*, 21 AD3d 708, 709-710 [2005], *lv denied* 5 NY3d 707 [2005]; *Matter of Ehle v Wallace*, 195 AD2d 1086 [1993], *lv denied* 82 NY2d 653 [1993]). Contrary to the contention of petitioner James P. Keane and the conclusion of the court, the 14-day period began to run on July 19, 2007, the last date on which to file the designating petition, rather than the date on which the last certificate of authorization and certificate of acceptance were filed (*see Naples*, 286 AD2d 567 [2001]; *Stampf*, 218 AD2d 919 [1995]). Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Pine, JJ.