■ In the Matter of CHARLES THOMAS, Appellant, v THOMAS TURCO et al., as Commissioners of the Ulster County Board of Elections, Respondents, and ERIC KITCHEN, Respondent. [841 NYS2d 186]—

Per Curiam. Appeal from an order of the Supreme Court (Zwack, J.), entered August 13, 2007 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the certificate of substitution of respondent Eric Kitchen as the Independence Party candidate for the office of Member of the Town Council of the Town of Ulster in the September 18, 2007 primary election.

Designating petitions and a certificate of authorization were timely filed with the Ulster County Board of Elections designating Craig Artist, an enrolled member of the Republican Party, as the Independence Party candidate for Town Council of the Town of Ulster. Prior thereto, Artist had filed a certificate declining the nomination. A certificate of substitution was timely filed designating respondent Eric Kitchen as the candidate to fill the vacancy. Thereafter, petitioner, a competing candidate for the office, commenced this proceeding alleging, among other things, that the substitution of Kitchen was invalid on the basis that Artist's designating petitions contain the names of only two people designated as the committee to fill vacancies instead of the statutorily required three. Supreme Court dismissed the proceeding on the ground that it was not timely commenced and petitioner appeals.

A proceeding to invalidate a designating petition must be

commenced within 14 days after the last day to file the petition with the board of elections (*see* Election Law § 16-102 [2]; *Matter of Savago v Ulster County Bd. of Elections*, 220 AD2d 926, 926-927 [1995]; *Matter of Stampf v Hill*, 218 AD2d 919, 920 [1995]). As the last day for filing a designating petition in this case was July 19, 2007, the commencement of this proceeding by petitioner on August 8, 2007 was untimely. We are not persuaded by petitioner's contention that he was not aggrieved until the certificate of substitution was filed and, thus, that is the date that triggers the statute of limitations (*see Matter of Coschignano v Dane*, 21 AD3d 504 [2005]; *see also Matter of Valin v Adamczyk*, 286 AD2d 566 [2001], *lv denied* 96 NY2d 718 [2001]; *but see Gdanski v Rockland County Bd. of Elections*, 97 AD2d 744, 744-745 [1983]). Accordingly, Supreme Court properly dismissed the proceeding.

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs. [*See* — Misc 3d —, 2007 NY Slip Op 27341.]