■ In the Matter of Anthony Peluso et al., Respondents, v Erie County Independence Party et al., Appellants, and New York State Committee of the Independence Party et al., Respondents, et al., Respondents. [883 NYS2d 748]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered July 1, 2009 in a proceeding pursuant to, inter alia, CPLR article 78. The judgment, inter alia, granted the petitions in part and issued an injunction.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the petitions are dismissed in their entirety, and the injunction is vacated.

Memorandum: Respondents-appellants (respondents) appeal from a judgment granting the injunctive relief sought by petitioners, i.e., enjoining respondent Erie County Committee of the Independence Party (County Committee) and any other interested respondent from issuing authorizations or nominations that would be in contravention of the rules of the New York State Committee of the Independence Party (State Com-

mittee). We agree with respondents that Supreme Court erred in granting an injunction (*see generally Matter of Master v Pohanka*, 44 AD3d 1050, 1053-1054 [2007]). Although petitioners also seek a declaration that the County Committee's rules are invalid and contrary to the State Committee's rules, we decline to grant that relief on the ground that such a declaration would be in the nature of an advisory opinion. "The courts of New York do not issue advisory opinions for the fundamental reason that in this State [t]he giving of such opinions is not the exercise of the judicial function" (*County of Monroe v City of Rochester*, 39 AD3d 1272, 1273, quoting *Cuomo v Long Is. Light. Co.*, 71 NY2d 349, 354 [1988] [internal quotation marks omitted]). In the event that petitioners seek to challenge any authorizations or nominations issued by the County Committee in the future pursuant to Election Law § 6-120 (3) in contravention of the rules of the State Committee, they may do so by way of the procedure set forth in Election Law § 16-102. We therefore reverse the judgment, dismiss the petitions in their entirety, and vacate the injunction. In light of our determination, we do not address respondents' remaining contentions. We note in any event that certain of those contentions are unpreserved for our review, and that all are lacking in merit. Present—Scudder, P.J., Hurlbutt, Martoche, Green and Pine, JJ.