FOURTH DEPARTMENT, OCTOBER, 2009

(October 2, 2009)

In the Matter of ANTHONY PELUSO et al., Respondents, v ERIE COUNTY INDEPENDENCE PARTY et al., Appellants, and NEW YORK STATE COMMITTEE OF THE INDEPENDENCE PARTY et al., Respondents, et al., Respondents. [885 NYS2d 814]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered July 1, 2009 in a proceeding pursuant to, inter alia, CPLR article 78. The judgment, inter alia, granted the petitions in part and issued an injunction, and the judgment having been reversed by order of this Court entered August 19, 2009 in a memorandum decision (65 AD3d 820 [2009]), and petitioners and respondents-petitioners on August 25, 2009, having been granted leave to appeal to the Court of Appeals from the order of this Court (13 NY3d 725 [2009]), and the Court of Appeals on August 26, 2009 having reversed the order and remitted the case to this Court for consideration of issues raised but not determined on the appeal to this Court (13 NY3d 139 [2009]),

Now, upon remittitur from the Court of Appeals and having considered issues raised but not determined on the appeal to this Court,

It is hereby ordered that, upon remittitur from the Court of Appeals, the judgment so appealed from is unanimously modified on the law by vacating the injunction, converting the proceeding insofar as it seeks relief pursuant to CPLR article 78 to an action seeking a declaratory judgment and granting judgment in favor of petitioners and respondents-petitioners as follows:

"It is ADJUDGED AND DECLARED that, to the extent that the rules of respondent Erie County Committee of the Independence Party promulgated on December 22, 2008 conflict with the rules of respondent-petitioner New York State Committee of

the Independence Party as they relate to the nomination and authorization of candidates, they are invalid, and as modified the judgment is affirmed without costs."

Memorandum: Respondents-appellants (respondents) appeal from a judgment granting the injunctive relief sought by petitioners, i.e., enjoining respondent Erie County Committee of the Independence Party (County Committee) and any other interested respondent from issuing authorizations or nominations that would be in contravention of the rules of respondent-petitioner New York State Committee of the Independence Party (State Committee). As we previously determined, Supreme Court erred in granting an injunction (*see generally Matter of Master v Pohanka*, 44 AD3d 1050, 1053-1054 [2007]), and we therefore modify the judgment accordingly. In addition, we declined to grant a declaration on the ground that such relief "would be in the nature of an advisory opinion" (*Matter of Peluso v Erie County Independence Party*, 65 AD3d 820, 821 [2009]). The Court of Appeals thereafter determined that "[a] declaratory judgment action is an appropriate vehicle to establish and promulgate the rights of the parties on a particular subject matter, including determining the parties' rights under state and local party rules" (*Matter of Peluso v Erie County Independence Party*, 13 NY3d 139, 140 [2009]). The Court thus reversed our order and remitted the matter to this Court "for consideration of issues raised but not determined on the appeal" (*id.*). In our prior decision, we noted that certain of respondents' remaining contentions were unpreserved for our review and that all were lacking in merit. Thus, the sole remaining issue before us is the propriety of the declaratory relief sought by petitioners.

Inasmuch as the Court of Appeals stated that a declaratory judgment action is a proper vehicle for "determining the parties' rights" (*id.*), we conclude that we must convert this proceeding insofar as it seeks relief pursuant to CPLR article 78 to an action seeking a declaratory judgment (*see* CPLR 103 [c]; *see also Matter of Tupper v City of Syracuse*, 46 AD3d 1343 [2007]). We therefore further modify the judgment accordingly. We agree with petitioners that the State Committee had the authority pursuant to Election Law § 6-120 (3) to vest its Executive Committee with the authority to issue authorizations in Erie County, thereby stripping the County Committee of that authority (*see Matter of Master v Pohanka*, 10 NY3d 620, 625-626 [2008]). We further agree with petitioners that there is a conflict between the rules of the County Committee and those of the State Committee, and that the rules of the State Committee, along with the State Committee's resolution of September

21, 2008, vest the State Committee's Executive Committee with exclusive power to act with respect to issuance of authorizations in Erie County (*see* Rules of NY State Comm of Independence Party, art VI, § 11 [b]; § 12; *see also* Election Law § 6-120 [3]). To the extent that the rules of the County Committee conflict with the rules of the State Committee as they relate to the nomination and authorization of candidates, we further modify the judgment by granting judgment in favor of petitioners declaring the rules of the County Committee invalid. Present— Scudder, P.J., Hurlbutt, Martoche, Green and Pine, JJ.