■ In the Matter of NEW YORK STATE COMMITTEE OF THE INDEPENDENCE PARTY et al., Respondents, v NEW YORK STATE BOARD OF ELECTIONS et al., Respondents, and RALPH M. MOHR, as Commissioner of the Erie County Board of Elections, Respondent, and DENNIS E. WARD, as Commissioner of the Erie County Board of Elections, et al., Appellants. [928 NYS2d 399]—

Per Curiam.

Presently before us is a dispute between various actors representing the New York State Independence Party and respondent Erie County Independence Party (hereinafter the County Party) regarding a certificate of authorization, commonly referred to as a Wilson-Pakula authorization (*see* Election Law § 6-120 [3]), and the authority to issue such authorizations. This controversy is strikingly similar to one that wound its way through the courts two years ago (*Matter of Peluso v Erie County Independence Party*, 65 AD3d 820 [4th Dept 2009], *revd* 13 NY3d 139 [2009], *upon remittal* 66 AD3d 1329 [2009]), wherein it was ultimately determined that, among other things, petitioner Executive Committee of the New York State Committee of the Independence Party (hereinafter the State Executive Committee) had "exclusive power to act with respect to issuance of [Wilson-Pakula] authorizations in Erie County" (*Matter of Peluso v Erie County Independence Party*, 66 AD3d 1329, 1331 [2009]). Inasmuch as the circumstances presented in the matter now before us reveal no germane substantive difference from those of the previous case, we find no reason why the result here with respect to that issue should be any different.

In February 2011, petitioner New York State Committee of the Independence Party (hereinafter the State Committee) adopted a resolution whereby it "delegate[d]" to the State Executive Committee "the power to make nominations, authorizations, substitutions, or cross endorsements of candidate(s) for election to public office(s) or to fill vacancies in designation(s) or nomination(s) for public office(s) in Erie County and Nassau County." This resolution was duly filed with respondent New York State Board of Elections. In July 2011, a meeting of the Executive Committee of the County Party (hereinafter the County Executive Committee) was convened at which the County Executive Committee authorized the designation of a

slate of candidates—all of whom are named respondents to this proceeding. A certificate of authorization was thereafter issued and filed with the Erie County Board of Elections (hereinafter the County Board), comprised of two Commissioners, respondents Ralph M. Mohr and Dennis E. Ward.

This combined proceeding pursuant to Election Law § 16-102, proceeding pursuant to CPLR article 78 and action for declaratory judgment was commenced by the State Committee, State Executive Committee, Frank M. MacKay, as Chair of the State Committee, and William Bogardt, as Secretary of the State Committee, against the State Board of Elections, Mohr and Ward, Richard L. Woll, the Chair of the County Executive Committee who presided at the July 2011 meeting, Joanne A. Schultz, the Treasurer of the County Executive Committee who also served as secretary at the July 2011 meeting, and the County Party, among others. Petitioners sought various relief including a declaration that the State Executive Committee was "the sole and exclusive authority for the issuance of Independence Party nominations, authorizations, substitutions or cross endorsements of candidates for election to public office in Erie County," an injunction against the "respondent boards of elections" from giving force and effect to any certificates regarding election to public office in Erie County issued in contravention of the rules of the State Committee, and a declaration that the certificate of authorization issued by the County Executive Committee is invalid, null and void.

Ward moved to dismiss the petition prior to answering, as did Woll, Schultz, the County Party and certain individuals listed on the certificate of authorization (hereinafter collectively referred to as respondents), asserting lack of standing, failure to join necessary parties, and improper use of a CPLR article 78 proceeding, among other grounds, and also alleged that Albany County was an improper venue for this proceeding. At the request of the parties, a hearing was held before Supreme Court regarding the motions. Following the court's oral decision from the bench denying the motions to dismiss, respondents and Ward orally requested that their motions be deemed answers asserting general denials of the allegations of the combined petition/complaint, to which petitioners consented. Supreme Court granted the request and thereafter denied the motions to dismiss and partially granted the application, concluding, among other things, that the State Executive Committee had the exclusive authority to make authorizations for election to public office entirely within Erie County and the certificate of authorization issued by the County Executive Committee was invalid,

and enjoining the County Board from giving force and effect to the certificate. Respondents and Ward now appeal.[1]

We agree that petitioners do not have standing under the Election Law to obtain the relief that they seek. Clearly, the State Committee, the State Executive Committee and Bogardt do not have standing (see Election Law § 16-102 [1]), and no serious argument has been advanced to the contrary. With regard to MacKay, while it is true that, pursuant to Election Law § 16-102 (1), the chair of any party committee has standing to raise certain challenges, he or she "may not bring a proceeding with respect to a designation" and we find that this is the gravamen of petitioners' application insofar as it concerns the certificate of authorization (see Matter of Lewis v Garfinkle, 32 AD3d 548, 549 [2006]; Matter of Independence Party of Orange County v New York State Bd. of Elections, 32 AD3d 804, 805 [2006]).[2]

" 'It is well settled that a court's jurisdiction to intervene in election matters is limited to the powers expressly conferred by statute' " (Matter of Scaringe v Ackerman, 119 AD2d 327, 328 [1986], affd for reasons stated below 68 NY2d 885 [1986], quoting Matter of Garrow v Mitchell, 112 AD2d 1104, 1105 [1985], lvs denied 65 NY2d 607 [1985]). While couched largely as a challenge to the certificate of authorization and not to the designations themselves, such a challenge can be construed only as a challenge to the designations for the simple reason that Election Law § 16-102 authorizes special proceedings for challenges in limited circumstances—including contesting the "designation of any candidate for any public office" (Election Law § 16-102 [1]); no separate challenge to authorizations pursuant to Election Law § 6-120 (3) is permitted by Election Law

1. With regard to the assertion of respondents and Ward regarding venue having been laid in Albany County, we find this argument, to the extent that it is properly before us, to be unavailing (see Matter of Lucchese v Rotella, 97 AD2d 645, 646 [1983], affd 60 NY2d 815 [1983]).

2. Election Law § 16-102 (1) states that "[t]he nomination or designation of any candidate for any public office or party position or any independent nomination, or the holding of an uncontested primary election, by reason of a petition for an opportunity to ballot having been filed, or the election of any person to any party position may be contested in a proceeding instituted in the [S]upreme [C]ourt by any aggrieved candidate, or by the chair[ ] of any party committee or by a person who shall have filed objections, as provided in this chapter, except that the chair[ ] of a party committee may not bring a proceeding with respect to a designation or the holding of an otherwise uncontested primary." "The term 'designation' means any method in accordance with the provisions of this chapter by which candidates for party nomination for public office or for election to party position may be named for the purpose of any primary election" (Election Law § 1-104 [7]).

§ 16-102 (1). In other words, while the certificate of authorization—"an integral part of a valid designating petition" (*Matter of Stampf v Hill*, 218 AD2d 919, 920 [1995])—can certainly be tested during a challenge to the designation, no independent avenue exists by which to challenge the certificate of authorization itself under the Election Law. In election cases, "[t]he field of [the court's] powers is limited to the specified matters" (*Matter of Holley [Rittenberg]*, 268 NY 484, 487 [1935]), and the right to judicial redress "depends on legislative enactment, and if the [L]egislature as a result of fixed policy or inadvertent omission fails to give such privilege, we have no power to supply the omission" (*Matter of Tamney v Atkins*, 209 NY 202, 207 [1913]). Accordingly, petitioners lack standing to maintain a proceeding pursuant to Election Law § 16-102 (1) and that aspect of the petition must be dismissed (*see Matter of Maltese v Anderson*, 264 AD2d 457 [1999]; *Matter of D'Alvia v DiGiacomo*, 175 AD2d 891, 892 [1991]). While we agree with petitioners and Supreme Court that the Court of Appeals recently reached the merits of a dispute similar to that presented here (*Matter of Master v Pohanka*, 10 NY3d 620 [2008]), the Court did not address standing in its decision nor was that issue raised. Since the issue is properly before us in this case, we must address it in light of the applicable statute and controlling precedent.

Additionally, the portion of the petition seeking CPLR article 78 relief must be dismissed as well. As we noted above, petitioners' challenge to the certificate of authorization is in essence a challenge to designations (*see* Election Law § 16-102; *Matter of Stampf v Hill*, 218 AD2d at 920). When a party seeks judicial intervention in the election process, the court's jurisdiction is limited to that expressly conferred by the Election Law, and characterization of the proceeding or relief as pursuant to CPLR article 78 will not enable intervention in the election process when it would not otherwise be available under the Election Law (*see Matter of Scaringe v Ackerman*, 119 AD2d at 328-329).

The foregoing, however, does not dispose of the matter. "A declaratory judgment action is an appropriate vehicle to establish and promulgate the rights of parties on a particular subject matter, including determining the parties' rights under state and local party rules" (*Matter of Peluso v Erie County Independence Party*, 13 NY3d 139, 140 [2009] [citation omitted]). Along with seeking relief pursuant to the Election Law and CPLR article 78, petitioners also sought declarations with regard to the rights of the parties pursuant to CPLR 3001. Considering that respondents' request that their motion to dismiss be deemed an answer to the combined petition/complaint was

granted, we find the declaratory judgment aspects of this matter properly before us for resolution.

However, before the merits of the declaratory judgment cause of action can be addressed, we must first consider respondents' argument that the County Executive Committee is a necessary party and the failure to join it requires dismissal. While inclusion of the County Executive Committee would have been the better practice, here the County Party—of which the County Executive Committee is a subdivision having "general authority" over the County Party when the Erie County Committee of the Independence Party (hereinafter the County Committee) is not in session—is a party to this proceeding, as are Woll and Schultz based upon their roles at the July 2011 County Executive Committee meeting.[3] Accordingly, we find that the interests of the County Executive Committee are adequately represented and, under the facts and circumstances of this case, dismissal is not warranted on this basis (*see Matter of Kryzan v New York State Bd. of Elections*, 55 AD3d 1217, 1219 [2008]).

Turning to the merits, the State Committee properly delegated "the power to make . . . authorizations . . . of candidate(s) for election to public office(s) in Erie County" to the State Executive Committee, thus divesting the County Executive Committee of the authority to do so (*see* Election Law § 6-120 [3]; *Matter of Master v Pohanka*, 10 NY3d at 624-626). Respondents' contention that this delegation was not properly effectuated by a "rule of the party" is unpersuasive. The State Committee's February 2011 resolution states that the delegation is pursuant to article VI, § 11 (b) of the Rules of the State Committee, a provision wherein such a delegation is expressly permitted. Accordingly, the delegation was proper pursuant to Election Law § 6-120 (3) and the rule "must be respected by the courts and given effect" (*Matter of Master v Pohanka*, 10 NY3d at 625-626). Consequently, pursuant to the rules of the Independence Party, the State Executive Committee is the sole entity that can authorize the party designation of candidates for office in Erie County who are not enrolled members of the Independence Party and the certificate of authorization issued by the County

---

3. Notably, pursuant to the Rules of the County Party, the County Committee "shall exercise such functions and have general authority over the[County Party] and every subdivision thereof." The County Executive Committee is a subdivision which "shall perform all of the duties and functions of the fully-constituted County Committee when such County Committee is not in session." Furthermore, the Chair and the other officers of the County Committee hold the corresponding positions for the County Executive Committee pursuant to the Rules of the County Party.

Executive Committee is therefore invalid (*see Matter of Peluso v Erie County Independence Party*, 66 AD3d at 1330-1331).[4]

Finally, mindful that the County Executive Committee issued the disputed certificate of authorization subsequent to the conclusion of the previous litigation in *Matter of Peluso v Erie County Independence Party* (66 AD3d 1329 [2009], *supra*) and in light of the apparent disagreement between Ward and Mohr regarding what effect a judicial declaration will have on the execution of the duties of the County Board, we find Supreme Court's issuance of injunctive relief enjoining the County Board from giving force and effect to the certificate of authorization issued by the County Executive Committee to be warranted.

Mercure, J.P., Peters, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the order and judgment is modified, on the law, without costs, by reversing so much thereof as denied certain respondents' motions to dismiss; said motions granted to the extent that the Election Law and CPLR article 78 causes of action are dismissed, and it is declared that (1) petitioner Executive Committee of the New York State Committee of the Independence Party has the sole and exclusive authority to make authorizations of candidates for election to public office entirely within Erie County insofar as the Election Law allows such authority to be delegated to an entity designated by the rules and resolutions of the Independence Party and (2) the certificate of authorization issued by the Executive Committee of the Erie County Independence Party on or about July 14, 2011 and filed with the Erie County Board of Elections is invalid and of no force and effect; and, as so modified, affirmed.

---

4. We note that we agree with Supreme Court's conclusions on the merits, however the relief should have been granted in the form of a declaration pursuant to CPLR 3001 and not in the context of the Election Law or CPLR article 78 aspects of this matter.