# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**822**

**CAE 13-01369**

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, WHALEN, AND MARTOCHE, JJ.

IN THE MATTER OF NEW YORK STATE COMMITTEE OF
THE INDEPENDENCE PARTY, EXECUTIVE COMMITTEE OF
THE NEW YORK STATE COMMITTEE OF THE INDEPENDENCE
PARTY, FRANK M. MACKAY, CHAIRMAN, NEW YORK STATE
COMMITTEE OF THE INDEPENDENCE PARTY, WILLIAM
BOGARDT, SECRETARY, NEW YORK STATE COMMITTEE
OF THE INDEPENDENCE PARTY AND PATRICK J. KEEM,
A CANDIDATE AGGRIEVED,
PETITIONERS-PLAINTIFFS-APPELLANTS,

V                                              MEMORANDUM AND ORDER

RALPH M. MOHR AND DENNIS E. WARD, COMMISSIONERS
OF AND CONSTITUTING ERIE COUNTY BOARD OF
ELECTIONS, MARY ROSE GAUGHAN, KENNETH R. WALSH,
JANIS A. COLARUSSO, LYNMARIE PHILLIPS AND RONALD R.
FRASER, RESPONDENTS-DEFENDANTS-RESPONDENTS,
ET AL., RESPONDENTS-DEFENDANTS.

BOUVIER PARTNERSHIP, LLP, BUFFALO (EMILIO COLAIACOVO OF COUNSEL), FOR
PETITIONERS-PLAINTIFFS-APPELLANTS.

LOVALLO & WILLIAMS, BUFFALO (TIMOTHY R. LOVALLO OF COUNSEL), FOR
RESPONDENT-DEFENDANT-RESPONDENT JANIS A. COLARUSSO.

SHAWN P. MARTIN, WEST SENECA, FOR RESPONDENTS-DEFENDANTS-RESPONDENTS
LYNMARIE PHILLIPS AND RONALD R. FRASER.

---------------------------------------------------------------------------------------------------

Appeal from a judgment (denominated decision) of the Supreme
Court, Erie County (Diane Y. Devlin, J.), entered August 12, 2013 in a
proceeding pursuant to the Election Law and CPLR article 78 and
declaratory judgment action. The judgment denied and dismissed the
petition/complaint.

It is hereby ORDERED that said appeal insofar as taken by
petitioners-plaintiffs New York State Committee of the Independence
Party, Executive Committee of the New York State Committee of the
Independence Party, Frank M. MacKay, Chairman, New York State
Committee of the Independence Party, William Bogardt, Secretary, New
York State Committee of the Independence Party and Patrick J. Keem, a
Candidate Aggrieved, to the extent he challenges the certificates of
authorization for respondents-defendants Lynmarie Phillips and Ronald
R. Fraser is unanimously dismissed and the judgment is modified on the
law by reinstating the petition/complaint with respect to petitioner-

plaintiff Patrick J. Keem insofar as he challenges the certificate of authorization for respondent-defendant Janis A. Colarusso and granting judgment in his favor as follows:

It is ADJUDGED AND DECLARED that the certificate of authorization for respondent-defendant Janis A. Colarusso is invalid,

and as modified the judgment is affirmed without costs.

Memorandum:  Petitioners-plaintiffs commenced this proceeding/action pursuant to CPLR article 78, CPLR 3001 and Election Law article 16 seeking, inter alia, a judgment declaring invalid three certificates of authorization issued by the Interim County Organization (ICO) of the Erie County Independence Party and filed in the Erie County Board of Elections.  The certificates of authorization designated respondents-defendants Janis A. Colarusso, Lynmarie Phillips, and Ronald R. Fraser as candidates for public office at the Independence Party primary election to be held on September 10, 2013.

We note at the outset that the appeal insofar as taken by petitioners-plaintiffs New York State Committee of the Independence Party (State Committee), Executive Committee of the New York State Committee of the Independence Party (Executive Committee), Frank M. MacKay, Chairman, New York State Committee of the Independence Party, William Bogardt, Secretary, New York State Committee of the Independence Party and Patrick J. Keem, to the extent he challenges the certificates of authorization for respondents-defendants Lynmarie Phillips and Ronald R. Fraser, must be dismissed.  Those parties, including Keem to the extent indicated, are not aggrieved and thus are not proper parties to the appeal (*see generally* CPLR 5511; *Matter of Terranova v Fudoli*, 66 AD3d 1530, 1531).  Petitioners-plaintiffs do not contend on appeal that Supreme Court erred in determining that only Keem has standing, and only to the extent that he challenges the certificate of authorization designating Colarusso as a candidate for the office of Supervisor of the Town of Orchard Park (*see* Election Law § 16-102 [1]; *Matter of New York State Comm. of the Independence Party v New York State Bd. of Elections*, 87 AD3d 806, 809-810, *lv denied* 17 NY3d 706).  In the absence of standing and the absence of a challenge on appeal to the determination that there was no standing, it cannot be said that those parties, including Keem to that extent, are aggrieved by the judgment on appeal (*see generally* CPLR 5511; *Matter of Dairylea Coop. v Walkley*, 38 NY2d 6, 9).

Turning to the merits, we conclude that the court erred in determining that the ICO possessed the authority to issue authorizations in Erie County, notwithstanding the fact that the State Committee, in September 2012, adopted a resolution delegating to the Executive Committee the authority to issue authorizations in Erie County.  Election Law § 6-120 permits a county committee to exercise the powers of nomination and designation "unless the rules of the party provide for another committee" (§ 6-120 [3]; *see Matter of Master v Pohanka*, 10 NY3d 620, 625).  Here, inasmuch as the Executive

Committee is vested "with the authority to issue authorizations in Erie County," we agree with Keem that the ICO is "thereby stripp[ed] . . . of that authority" (*Matter of Peluso v Erie County Independence Party*, 66 AD3d 1329, 1330). Consequently, we modify the judgment by reinstating the petition/complaint with respect to Keem in part and by granting judgment in his favor declaring invalid the certificate of authorization for respondent-defendant Janis A. Colarusso.

Entered:  August 15, 2013                        Frances E. Cafarell
                                                 Clerk of the Court