■ EUGENE BENSON, Also Known as GENE BENSON, Appellant, v ANN PRUSINSKI et al., as Commissioners of the Sullivan County Board of Elections, et al., Respondents. [58 NYS3d 685]—

Egan Jr., J. Appeal from an order of the Supreme Court (McGuire, J.), entered January 14, 2016 in Sullivan County, which, among other things, granted defendants' motion to dismiss the complaint.

Plaintiff and defendant Joseph Perrello each appeared upon the ballot as a candidate for the office of Sullivan County Legislator, District 7 at the November 3, 2015 general election. Following the election, plaintiff and Perrello were advised that the Sullivan County Board of Elections intended to conduct a canvass of the paper ballots cast thereat. During the canvass, plaintiff objected to 48 absentee ballots—purportedly cast by students attending the State University of New York in Sullivan County (hereinafter collectively referred to as the SUNY students)—upon the ground that the SUNY students were not residents of Sullivan County. The Board's commissioners rendered a split decision upon the residency objection, and the 48 absentee ballots were set aside unopened.

Thereafter, on November 12, 2015, plaintiff commenced a proceeding pursuant to Election Law § 16-106 alleging—for the first time—that "[t]he challenged ballots should be disallowed as there was no legal basis for the issuance of [the] absentee ballots" to the 48 SUNY students at issue and seeking an order prohibiting the Board from opening and counting the absentee ballots cast by those individuals. Specifically, plaintiff asserted that, consistent with NY Constitution, article II, § 2 and Elec-

tion Law § 8-400 (1), there are limited and expressly enumerated bases upon which absentee ballots may be issued: the voter (1) is absent from his or her county of residence or, if a resident of New York City, is absent therefrom, (2) is ill, physically disabled, hospitalized or caring for someone who is ill or disabled, (3) is a resident of a Veterans Administration hospital, or (4) is in jail or prison. According to plaintiff, none of the 48 SUNY students met any of the foregoing criteria and, therefore, should not have been issued absentee ballots. Perrello answered and raised various objections in point of law, including that plaintiff failed to raise any objection to the "legal basis for the issuance of the absentee ballot[s]" at the time of canvassing and, therefore, did not preserve that issue for judicial review. In response, plaintiff sought leave to amend his petition to challenge the facial validity of the absentee ballot applications. According to plaintiff, each of the 48 SUNY students allegedly completed absentee ballot applications citing "hardship getting to [the] poll site"—an additional ground that apparently was added to the absentee ballot forms utilized by the Board. As such ground does not appear in either the NY Constitution or the relevant provision of the Election Law, plaintiff's argument continued, the applications were invalid and the subject ballots should not have been issued.*

On November 18, 2015, Supreme Court dismissed the Election Law proceeding, denied plaintiff leave to amend his petition and directed the Board to open and count the absentee ballots, as a result of which Perrello was elected as Sullivan County Legislator, District 7. Supreme Court noted that, by failing to raise an objection before the Board as to either the validity of the absentee ballot applications or the specific ground upon which the subject ballots purportedly were issued, plaintiff did not preserve his arguments for judicial review. Having concluded that it lacked jurisdiction to determine plaintiff's belated objections in this regard—and having further found that plaintiff's residency objection was without merit—Supreme Court dismissed the underlying petition. Instead of filing a notice of appeal, however, plaintiff commenced this declaratory judgment action—naming the same parties and challenging the same 48 absentee ballots—seeking, among other things, a declaration that "hardship getting to

---

* The record on appeal contains two copies of an absentee ballot application—one allegedly taken from the State Board of Elections website, which lists only the constitutional and statutory grounds for requesting such a ballot, and the other allegedly utilized by the Sullivan County Board of Elections, which includes "hardship getting to [the] poll site" as a basis upon which to seek an absentee ballot.

[the] poll site" was not an authorized basis upon which to request and/or issue an absentee ballot. The Board moved to dismiss the complaint contending, among other things, that it was barred by principles of res judicata, and Perrello answered and filed an affidavit in support of the Board's motion. Plaintiff then cross-moved for summary judgment, which the Board opposed. Thereafter, by order entered January 14, 2016, Supreme Court, among other things, granted the motion to dismiss, finding that "plaintiff has already had his day in court, and, if it was not satisfactory, the proper course was to appeal the unsatisfactory result rather than ignore it and attempt its relitigation in a separate action." Plaintiff now appeals.

We affirm. Although the parties debate whether this action is barred by principles of res judicata, that issue need not detain us, as it is plaintiff's failure to comply with the specific and orderly procedures set forth in the Election Law that precludes him from maintaining this action. Without unnecessarily belaboring the point, suffice it to say that the Election Law discusses absentee ballots in exhaustive detail, including a voter's eligibility to vote by absentee ballot, the specific grounds upon which such ballots may be issued, the manner in which such ballots are to be delivered to and returned by the voter (*see* Election Law § 8-400 *et seq.*) and the process by which such ballots may be challenged (*see* Election Law § 8-506). In addition to the foregoing, Election Law § 9-209 delineates the detailed process by which special ballots, including absentee ballots, are to be canvassed. To that end, Election Law § 9-209 (2) (d) provides, in relevant part, as follows: "[a]ny person lawfully present may object . . . to the casting or canvassing of any ballot on the grounds that the voter is not a properly qualified voter of the election district . . . or [is] otherwise not entitled to cast such ballot. *When any such objection is made,* the central board of inspectors shall forthwith proceed to determine such objection and reject or cast such ballot according to such determination. If the board cannot agree as to the validity of the ballot it shall set the ballot aside, unopened, for a period of three days at which time the ballot envelope shall be opened and the vote counted unless otherwise directed by an order of the court" (emphasis added).

As Supreme Court astutely observed, plaintiff failed to comply with the requirements of Election Law § 9-209 (2) (d) in the first instance because he never objected to the subject ballots upon the ground that the 48 SUNY students at issue were ineligible to vote by absentee ballot because they could not satisfy any of the criteria set forth in NY Constitution, article

II, § 2 or Election Law § 8-400 (1). Having failed to raise that objection before the Board and, thus, having deprived the Board of the opportunity to render a decision thereon, plaintiff failed to preserve that argument for judicial review—regardless of the procedural process via which such review was sought. More to the point, Election Law § 16-106 (1) expressly establishes the very procedure by which judicial review may be sought with respect to the casting or canvassing of an absentee voter's ballot and provides, in relevant part, that an "absentee voter's ballot may be contested in a proceeding instituted in the [S]upreme or [C]ounty [C]ourt, by any candidate." A proceeding commenced under Election Law § 16-106 must be commenced within 20 days after the election or the local board's determination (*see* Election Law § 16-106 [5]). Noticeably absent from the statute is any mention of an aggrieved party's right or ability to commence a declaratory judgment action to challenge the casting or canvassing of an absentee ballot. As this Court previously has held, "[w]hen a party seeks judicial intervention in the election process, the court's jurisdiction is limited to that expressly conferred by the Election Law," and attempting to cast the proceeding in a different light "will not enable intervention in the election process when it would not otherwise be available under the Election Law" (*Matter of New York State Comm. of the Independence Party v New York State Bd. of Elections*, 87 AD3d 806, 810 [2011], *lv denied* 17 NY3d 706 [2011]).

Once plaintiff's Election Law article 16 petition was dismissed, his remedy was to appeal that dismissal—not commence this declaratory judgment action seeking the very relief he unsuccessfully pursued in the prior special proceeding. To the extent that plaintiff attempts to circumvent the statute by equating this action to a quo warranto proceeding under Executive Law § 63-b, we find his argument on this point—as well as his remaining claims—to be unpersuasive. Accordingly, Supreme Court properly granted the motion to dismiss the complaint.

McCarthy, J.P., Rose, Devine and Clark, JJ., concur. Ordered that the order is affirmed, without costs.