(August 24, 2017)

■ In the Matter of JONATHAN A. LAVELL et al., Appellants, v ERIN K. BAKER et al., Respondents, and ERIE COUNTY BOARD OF ELECTIONS, Appellant, et al., Respondents. [60 NYS3d 736]—

Appeals from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered August 10, 2017 in a proceeding pursuant to Election Law article 16. The order, inter alia, denied and dismissed the petition seeking to invalidate a certificate of authorization.

It is hereby ordered that said appeal by respondent Erie County Board of Elections is dismissed and the order is affirmed without costs.

Memorandum: Petitioners commenced this proceeding pursuant to Election Law article 16 seeking, inter alia, to invalidate the Wilson-Pakula certificate of authorization (authorization) filed by respondent Executive Committee of the New York State Committee of the Independence Party (Executive Committee) authorizing certain respondents to be designated as candidates on the ballot for public offices in Erie County or subdivisions thereof. Petitioner-objector, Jonathan A. Lavell, filed objections to the designation with respondent Erie County Board of Elections (Board). The Board's two commissioners split on the validity of the authorization. In their petition, petitioners claimed that the authorization should have been made by respondent New York State Committee of the Independence Party (State Committee), not the Executive Committee. Supreme Court, inter alia, dismissed the petition, and petitioners and the Board now appeal. We dismiss the appeal by the Board inasmuch as it is not an aggrieved party (see CPLR 5511; Matter of Sheldon v Jaroszynski, 142 AD3d 762, 762 [2016]).

We agree with Supreme Court that petitioner-objector has standing to commence this proceeding inasmuch as he is a registered member of the Independence Party and filed objections to the designation (see Election Law § 16-102 [1]). We further agree with the court that the remaining petitioners (petitioner-candidates), who allege that they are aggrieved candidates, lack standing. "[O]rdinarily, a candidate of one party has no standing to challenge the internal affairs and operating functions of another political party in its designation of candidates" (Matter of Nicolai v Kelleher, 45 AD3d 960, 962 [2007]). Here, petitioner-candidates claim that the authorization did not comply with the Independence Party's own rules. As nonparty members, petitioner-candidates lack standing to raise that claim (see Matter of Breslin v Conners, 10 AD3d 471, 473 [2004], lv denied 3 NY3d 603 [2004]).

Contrary to the contention of petitioner-objector, Supreme Court properly dismissed the petition. The State Committee adopted resolutions in 2008, 2011, and 2013 delegating the authority to issue authorizations to the Executive Committee (see Matter of New York State Comm. of the Independence Party v New York State Bd. of Elections, 87 AD3d 806, 811-812 [2011], lv denied 17 NY3d 706 [2011]). The filing of new rules of the Independence Party in 2016 did not explicitly or impliedly rescind or revoke those prior adopted resolutions. Thus, as the court properly determined, the resolutions remained in effect, and the authorization issued here was valid. We respectfully

disagree with our dissenting colleague that the fact that resolutions were issued in 2008, 2011, and 2013 shows that the resolutions expired each year. The 2008 resolution encompassed Erie County, while the 2011 resolution encompassed both Erie and Nassau Counties. Therefore, there was indeed a reason for the State Committee to issue the different resolutions, and the fact that resolutions were issued in those years does not demonstrate that the resolutions ever expired. The resolutions themselves contain no language of expiration.

We reject the further contention of petitioner-objector that the presumption of validity set forth in Election Law § 6-154 (1) did not apply. Petitioner-objector's challenge to the authorization was a challenge to the designating petition (*see New York State Comm. of the Independence Party*, 87 AD3d at 809-810). Such a petition is presumed valid provided, inter alia, that it is "in proper form" (§ 6-154 [1]). Where, as here, the presumption applies, action by the Board of Elections is required to invalidate the designation. Because "[a]ll actions of the board shall require a majority vote of the commissioners prescribed by law for such board" (§ 3-212 [2]), the Board of Elections "cannot act" when there is "a split vote among the two Commissioners" (*Matter of Elgin v Smith*, 10 AD3d 483, 484 [2004]), as occurred here.

All concur except Troutman, J., who dissents in part and votes to modify in accordance with the following memorandum.

Troutman, J. (dissenting). I agree with the majority in dismissing the appeal by respondent Erie County Board of Elections, but in my view Supreme Court should have granted the petition. I therefore respectfully dissent in part.

Although I agree with the majority with respect to the issues of standing and the presumption of validity, I conclude that respondent New York State Committee of the Independence Party (State Committee) did not delegate authority to issue the Wilson-Pakula certificate of authorization (authorization) to respondent Executive Committee of the New York State Committee of the Independence Party (Executive Committee) in accordance with the Independence Party rules. Those rules state that delegation may be made "pursuant to a resolution adopted by the State Committee prior to the deadline to file authorization certificates." That deadline is a date that occurs annually and is reset annually. Thus, contrary to the majority, I do not read the rules to allow a delegation to remain perpetually in effect, regardless of whether the resolutions themselves contain express language of expiration.

Moreover, the Independence Party's past practice is inconsis-

tent with the majority's reading inasmuch as the party repeatedly issued resolutions for Erie County in 2008, 2011, and 2013. Had the 2008 resolution been effective unless explicitly revoked, there would have been no reason for the State Committee to issue redundant resolutions for Erie County in 2011 and 2013. Contrary to the view of the majority, I conclude that the inclusion of Nassau County in the 2011 resolution does not explain the need for issuing a redundant resolution for Erie County, particularly in light of the fact that the 2008 and 2013 resolutions both related to Erie County only. Indeed, the State Committee did not merely issue a resolution in 2011, but it even litigated the validity of that resolution for Erie County in *Matter of New York State Comm. of the Independence Party v New York State Bd. of Elections* (87 AD3d 806 [2011], *lv denied* 17 NY3d 706 [2011]). In that case, the State Committee does not appear to have argued that its 2011 delegation to the Executive Committee was valid based on the perpetual existence of the 2008 resolution (*see id.* at 809-812), notwithstanding that the 2008 resolution had been judicially enforced for Erie County (*see Matter of Peluso v Erie County Independence Party*, 66 AD3d 1329, 1330-1331 [2009]). Therefore, in my view, the authorization issued by the Executive Committee here was not authorized by the rules and thus is invalid (*see* Election Law § 6-120 [3]). Present—Centra, J.P., NeMoyer, Troutman, Winslow and Scudder, JJ.