Matter of Duck v Mannion (2018 NY Slip Op 05894)





Matter of Duck v Mannion


2018 NY Slip Op 05894


Decided on August 22, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


856 CAE 18-01484

[*1]IN THE MATTER OF BARBARA E. DUCK, TIMOTHY C. MITCHELL, AND ROBERT E. ANTONACCI II, PETITIONERS-APPELLANTS,
v
JOHN W. MANNION, CANDIDATE FOR NEW YORK STATE SENATE, RESPONDENT-RESPONDENT, ET AL., RESPONDENTS. 






SINNREICH, KOSAKOFF & MESSINA, LLP, CENTRAL ISLIP (JOHN CIAMPOLI OF COUNSEL), FOR PETITIONERS-APPELLANTS.
JAMES E. LONG, ALBANY, FOR RESPONDENT-RESPONDENT. 


 Appeal from an order (denominated decision) of the Supreme Court, Onondaga County (Norman W. Seiter, Jr., J.), entered August 16, 2018 in a proceeding pursuant to Election Law article 16. The order denied the petition in part. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners Barbara E. Duck and Timothy C. Mitchell (petitioners-objectors) and petitioner Robert E. Antonacci II (petitioner-candidate) commenced this proceeding pursuant to Election Law § 16-102 seeking an order invalidating designating petitions pursuant to which John W. Mannion (respondent) sought to be placed on the primary election ballots for the Democratic Party, Working Families Party, Women's Equality Party, and Reform Party as a candidate for the office of New York State Senate, 50th Senatorial District. Supreme Court granted the petition in part, invalidated the Reform Party designating petition, and denied the petition with respect to the other designating petitions. We affirm.
At the outset, we note that, although the notice of appeal indicates that petitioners are the appellants, the cover of the appellate brief, the CPLR 5531 statement, and the CPLR 5532 stipulation all indicate that they were submitted on behalf of petitioners-objectors only. Nonetheless, accepting the representations made to this Court at oral argument that the failure to identify petitioner-candidate as an appellant in those papers constitutes a mere mistake or omission and, in the absence of prejudice to a substantial right of a party, we disregard the mistake or omission and treat the appeal as perfected by petitioners-objectors and petitioner-candidate (see CPLR 2001; see generally Matter of Tagliaferri v Weiler, 1 NY3d 605, 606 [2004]; Matter of Niagara Mohawk Power Corp. v Town of Moreau Assessor, 46 AD3d 1147, 1148 n 2 [3d Dept 2007], lv denied 10 NY3d 708 [2008]).
We conclude that petitioners-objectors lack standing to challenge the petitions designating respondent as a candidate in the primary elections of the Democratic Party, Working Families Party, or Women's Equality Party. A person may commence judicial proceedings to challenge a designating petition provided that he or she "shall have filed objections, as provided in [the Election Law]" (Election Law § 16-102 [1]). Here, petitioners-objectors filed objections with respect to the petition designating respondent as a candidate in the primary election of the Reform Party but they did not file objections with respect to the other designating petitions, and they therefore lack standing to challenge the other designating petitions (see Matter of Naples v [*2]Swiatek, 286 AD2d 567, 567 [4th Dept 2001], lv denied 96 NY2d 718 [2001]; see generally Matter of Niagara Preserv. Coalition, Inc. v New York Power Auth., 121 AD3d 1507, 1508-1509 [4th Dept 2014], lv denied 25 NY3d 902 [2015]; Uhlfelder v Weinshall, 47 AD3d 169, 182-183 [1st Dept 2007]). Moreover, even assuming, arguendo, that the objections filed by petitioners-objectors were addressed to the other designating petitions, we conclude that the court lacked jurisdiction to adjudicate such challenges inasmuch as petitioners-objectors failed to timely file their specifications of the grounds of the objections (see Election Law § 6-154 [2]), and "the failure to file specifications within six days after the filing of general objections is jurisdictionally fatal" (Matter of Bush v Salerno, 51 NY2d 95, 98 [1980]).
We further conclude that the court properly denied that part of the petition in which petitioner-candidate challenged the other designating petitions inasmuch as petitioner-candidate failed to establish by clear and convincing evidence that those designating petitions are permeated with fraud or that respondent participated in or is chargeable with knowledge of the fraud (see Matter of Rodriguez v Harris, 51 NY2d 737, 738 [1980]; Matter of Perez v Galarza, 21 AD3d 508, 508-509 [2d Dept 2005], lv denied 5 NY3d 706 [2005]; Matter of Payne v Fleming, 286 AD2d 565, 566 [4th Dept 2001]; Matter of Reese v Pokorski, 242 AD2d 858, 858 [4th Dept 1997]).
Entered: August 22, 2018
Mark W. Bennett
Clerk of the Court